1869.]          ELLINGTON v. KING.          449

Syllabus.    Statement of the case.    Opinion of the Court.

## DANIEL ELLINGTON

*v.*

## SAMUEL J. KING.

49   449
184   411

1. AGENCY—*extent of agent's authority.* K exchanged a horse for a mare belonging to E, through A, acting as E's agent. The mare proved unsound, whereupon K took her to A and requested him to return the horse. A replied that E had the horse, and that K must go to him. This K failed to do, and never at any time offered to E to return the mare, or demanded his horse, and afterwards brought replevin against E. Upon the trial, the court, in one of its instructions to the jury, *assumed* that the agency of A continued *after* the trade, so as to authorize him to rescind the contract: *Held,* that this was erroneous; that the mere fact that E authorized A to sell his mare did not empower him to rescind the contract at a subsequent time, and after E had received the horse.

2. SALES—*fraud—rescission of contract.* And in such case, if E obtained the horse by fraud, K would have the right to rescind the contract, but he could only do so by offering to return the mare and demanding his horse in return. *Buchanan* v. *Horney,* 12 Ill. 338.

WRIT OF ERROR to the Circuit Court of Clark county; the Hon. H. B. DECIUS, Judge, presiding.

This was an action of replevin, originally brought before a justice of the peace, by the defendant in error, Samuel J. King, against the plaintiff in error, Daniel Ellington, for the recovery of a horse. The plaintiff obtained a verdict and judgment before the justice, and the same result followed upon an appeal to the circuit court of Clark county. The further facts are fully stated in the opinion.

Mr. JOHN SCHOLFIELD, for the plaintiff in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

King exchanged his horse for a mare belonging to the plaintiff in error, Daniel Ellington, defendant in the court below.

57—49TH ILL.

The trade was made with Addison Ellington, acting as agent for his father, Daniel. The mare proving unsound, King, about two weeks after the trade, took her back to Addison, who was living with an uncle, a mile and a-half from his father, and requested him to take her and return the horse. Addison replied, his father had the horse, and plaintiff must go to him. This plaintiff did not do, and did not at any time offer to the defendant to return the mare or demand his horse. King brought replevin and obtained a verdict and judgment.

On the trial, the court gave the following instruction for the plaintiff:

" If the evidence shows the defendant, Ellington, recognized the agency of his son in making the trade, then a demand from the son, whose agency was recognized and continued by defendant, with power to deliver said horse, was all the demand necessary in order to authorize a recovery in replevin."

This instruction is seriously faulty, in assuming, as it does, that the agency of the son continued after the trade, so as to authorize him to rescind the contract. The mere fact that the father had authorized the son to sell the mare did not also authorize him to rescind the contract at a subsequent period, and after the father had received possession of the horse taken in exchange.

The court also erred in so qualifying the instructions asked by the defendant as to dispense with proof of a demand in case defendant had obtained the horse by fraud. If such was the fact, the plaintiff had the right to rescind the contract, but he could only do so by offering to return what he had received, and demanding what he had given. He could not retain the mare and at the same time recover the horse. *Buchanan v. Horney*, 12 Ill. 338.

The judgment is reversed and the cause remanded.

*Judgment reversed.*