## THE CITY OF JOLIET

*v.*

## SARAH M. SEWARD.

1. MUNICIPAL CORPORATIONS — *how far liable for acts of individuals.* In a suit against a city to recover for personal injury received, caused by permitting blasting in the street by individuals, and thereby frightening and causing a team to run away with the plaintiff, it is error to refuse evidence on the defense that the persons in charge of the work were expressly told by an alderman of the city that no blasting should be done.

2. When blasting of stone is done in a city, not by the city, but for and under a contract with a private citizen, and such blasting is done in violation of express directions given by city officers, or done without their knowledge, the city will not be responsible for any injury caused by it. Municipal corporations are not responsible for every unauthorized act that may be done by any one, resulting in injury, directly or indirectly, to persons traveling the streets.

3. INSTRUCTIONS — *referring to facts having no bearing.* In a suit by a person to recover for an injury caused by blasting in the streets and frightening of horses, it is erroneous in the instructions to refer to the condition of the streets as showing negligence, when the condition of the streets had no connection whatever with the injury to the plaintiff.

4. NEGLIGENCE — *rule of comparative.* An instruction on the question of comparative negligence, that even if the plaintiff was guilty of negligence, that fact does not destroy his right to recover, if the negligence of the defendant was so much greater than that of the plaintiff as to clearly preponderate and outweigh it, is clearly erroneous. The case of the *Chicago, Burlington and Quincy Railroad Company* v. *Payne*, 49 Ill. 449, so far as it declares any such doctrine, has been expressly overruled in subsequent cases.

5. SAME — *on the part of the plaintiff.* Where the plaintiff placed herself in

the care of her husband and submitted her personal safety to his keeping, and he left her in a carriage in a public street, and during his absence the horses were frightened by the blasting of rock in the street and ran away with her, it is a question of fact that may well be left to the jury, in a suit by her against the city to recover damages, whether the injury was not caused by the negligence of her husband, in whose care she was.

APPEAL from the Circuit Court of Will County ; the Hon. JOSIAH MCROBERTS, Judge, presiding.·

Plaintiff, with her husband, came into the city of Joliet, and the carriage drawn by horses, in which they rode, was stopped in Jefferson street, when the husband got out and went into a store near at hand to make some inquiry.    The place where the team was stopped was near where the owner of the adjoining premises was having an inlet sewer con- structed from premises, to connect with the main sewer on Jefferson street.    The workman engaged had come upon rock, and it became necessary in the prosecution of the work to do blasting.    While plaintiff was sitting in the carriage during the absence of her husband, a blast was discharged, which so frightened the horses that they ran away, and in their flight they drew the carriage against the sidewalk with such violence as threw plaintiff out, either upon the side- walk or street, by which she sustained severe and perhaps permanent injury.

In the original declaration it is averred generally it was the duty of defendant to keep all streets within the corpo- rate limits in a safe condition for the use of the public ; but that which it is averred more specifically was the cause of the injury to plaintiff was that defendant permitted blasting to be done in the street, which caused the horses attached to the carriage in which plaintiff was riding to run away, without giving any notice such work was being done.    No other acts of negligence are charged in the original declara- tion.    In the amended declaration, however, after averring the duty of defendant to keep all streets in the corporate limits in reasonable repair for the use of public travel, it is

averred defendant negligently suffered and permitted a large pile of stone, earth, gravel, and other substance to be and remain in the street, and that the horses attached to the carriage in which plaintiff was, ran away and drew the carriage over the pile of stone and other material in the street, by which she was thrown to the ground, producing severe injuries.

Messrs. HOUSE, HAGAR & FLANDERS, for the appellant.

Mr. C. B. GARNSEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There is no evidence to sustain the averment in the amended declaration, the injury to plaintiff was in consequence of the pile of stone and other material left in the street. That was in nowise the cause of the accident, and did not even tend to produce it. It is very clear from the testimony given by both parties that the carriage was drawn against the sidewalk, and not against the pile of stone in the street, and that it was striking against the sidewalk that threw plaintiff out of her carriage. On this point it can hardly be said there is any conflict in the testimony, and this branch of the case may be dismissed without further consideration.

The other act of negligence charged is, that defendant permitted persons engaged in constructing an inlet sewer to do blasting without giving notice of danger to persons in the immediate vicinity. The proof is, the blast that frightened the horses was the first one that had been discharged. Whether any of the city officers had any knowledge the persons engaged in constructing the sewer were going to employ blasting as a means of doing the work is a matter of serious doubt, under the evidence. An offer was made to prove the persons having charge of the work were expressly told by an alderman of the city that in the

" prosecution of the work no blasting should be done," but, an objection being interposed, that privilege was denied. This was error. The very question submitted was whether defendant had negligently permitted parties constructing the sewer to use blasting in doing the work. How could defendant prevent blasting from being done if the municipal officers had no knowledge it was to be done. If the city officers had expressly forbidden the use of blasting, they could not anticipate the contractor would not observe the directions given. It was not work being done by the city, but for and under a contract with a private citizen. If the blasting was done in violation of express directions given by city officers, and was done without their knowledge, it is not perceived how defendant is responsible for any injury caused by it. As we had occasion to say in another case, a municipal corporation is not liable to damages for every accident that may occur within its limits. It would be a most ruinous rule to adopt. Its officers are not required or expected to do everything that human energy or ingenuity can do to prevent injury to the citizen. When they have exercised reasonable care in this regard, they have discharged their whole duty to the public. It devolves upon all citizens using public thoroughfares to exercise a reasonable degree of care and caution for their own personal safety. It would be extending the liability of municipal corporations beyond anything demanded by public exigency, to hold them responsible for every unauthorized act that may be done by any one which may be the cause, directly or indirectly, of injury to persons traveling on the streets. Such is not the law.

In view of the character of the evidence, we think the instructions given were calculated to mislead the jury. Many of them were based on hypothetical cases not warranted by the evidence. The injury to plaintiff was caused by the discharge of the blast frightening the horses, and not by the pile of stone or other material in the street, nor by

406      City of Joliet *v.* Seward.      [Sept. T.

Opinion of the Court.

any condition of the excavation or any other obstructions in the street; yet the attention of the jury was directed, in almost every instruction, to the condition of the streets arising from these causes, as indicating a want of care on the part of defendant in this regard. Obstructions in the street had no connection with the cause that produced the injury to plaintiff. The primary cause was the discharge of the blast, and nothing else. There is absolutely no evidence the streets of the city were not in a reasonably safe condition. Certainly there was no just ground for complaint on that score. Had it not been for the discharge of the blast, plaintiff would have been exposed to no danger in passing over the streets. So far as the instructions directed the attention of the jury to defects or obstructions in the street as grounds of a recovery on behalf of plaintiff, they were faulty, and should not have been given.

The thirteenth instruction given for plaintiff does not state accurately the doctrine of comparative negligence. The principle asserted is, even if plaintiff was guilty of negligence herself, yet that fact would not destroy her right to recover if the negligence of defendant was so much greater than that of plaintiff as to clearly preponderate and outweigh it. That is not the law. Some sanction may have been given to it by an expression in *Chicago, Burlington and Quincy Railroad Company* v. *Payne*, 49 Ill. 449, but that case, so far as it declares any such doctrine, has been expressly overruled by subsequent cases in this court.

The court refused to instruct the jury, as it was asked to do, if the injury to plaintiff was caused by the negligence of her husband, in whose care she was, she could not recover. The instruction contains a correct principle of law, and if there was sufficient evidence on which to base it, and we are inclined to think there was, it ought to have been given. Plaintiff had placed herself in the care of her husband, and submitted her personal safety to his keeping, and whether it was prudent, under all the circumstances, for him to leave

her in the street as he did, is a question that might well have been submitted to the jury. Without intimating what in our opinion the evidence on this branch of the case tends to prove, we may say there was evidence enough given to authorize the giving of the instruction asked.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*