564 CITY OF AURORA v. PENNINGTON. [Sept. T.

Opinion of the Court.

# THE CITY OF AURORA

## v.

## MATILDA PENNINGTON.

1. PRACTICE—*finding of facts by Appellate Court conclusive.* When the Appellate Court finds that the evidence sustains the verdict of the jury, such finding as to the facts is conclusive upon this court, and only questions of law can be considered.

2. SAME—*questions of law not raised in Appellate Court.* Where a party fails to make any point in the Appellate Court as to the admission of improper evidence or to the giving or refusing of instructions, it is doubtful whether, by the practice under the statute, any can be made in this court.

3. EVIDENCE—*to show notice of defective sidewalk.* In an action against a city to recover for personal injury from a defective sidewalk, a resolution of the common council, adopted before the accident, instructing the street commissioner to notify parties to repair the sidewalk on the street where the injury occurred, is properly admitted against the city, as tending in some degree to show that the city authorities knew before the happening of the injury that the sidewalk at the point in question needed repairs.

4. INSTRUCTION—*as to what evidence proves.* What evidence proves or tends to prove is for the jury to determine, and it is not the province of the court to instruct as to its effect, or what inferences the jury may draw from it.

APPEAL from the Appellate Court of the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. E. S. LELAND and Hon. NATHANIEL PILLSBURY, Justices.

Mr. A. C. LITTLE, and Mr. A. G. McDOLE, for the appellant.

Mr. A. J. HOPKINS, and Mr. N. F. ALDRICH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by Matilda Pennington, against the city of Aurora, to recover damages for personal injuries sustained by falling, in consequence of a defective sidewalk over which she was passing. On the trial in the circuit court plaintiff recovered a judgment for $2000, and on defendant's appeal

it was affirmed in the Appellate Court.   That court found,
and so certified to this court, "that the allegations in plaintiff's
declaration, and the fact that plaintiff exercised ordinary care,
were sufficiently proved to authorize the verdict of the jury."
As that finding under our statute is conclusive, it is not the
duty of this court to examine the questions of fact discussed
in argument.   Where the facts found sustained the verdict, as
they do in this case, only questions of law can be considered
in this court.   No questions of law were raised or discussed in
the Appellate Court, and that court further certified to this
court that "if there be any questions of law for the Supreme
Court to pass upon, they have not been brought to our atten-
tion."

Having failed to make any point in the Appellate Court
as to the admission of improper evidence or as to the giving
or refusing of instructions, it is doubtful whether, under the
practice that prevails under our statute, any can be made in
this court.   But waiving that view, only a general objection
is taken in the original argument submitted on behalf of de-
fendant, to the instructions given for plaintiff, and that is so
indefinitely stated it would be difficult to understandingly dis-
cuss the instructions to which objections are made.   But in
the final argument made, it is said it was improper for the
court to admit in evidence the resolution of the common coun-
cil instructing the street commissioner "to notify parties to
repair sidewalks on South River street," which resolution, the
proof shows, covers that point in the sidewalk where plaintiff
was injured; and to counteract the effect of the testimony
defendant asked the court to instruct the jury "that they have
no right to presume, from such act on the part of said city, that
it had actual notice that the said walk at the said place where
said plaintiff received her alleged injury was out of repair or
in an unsafe condition."   Neither in the admission of that testi-
mony, nor in the refusal to give the instruction asked, was
there any error.   The evidence tended, in some degree at least,
to show that the city authorities knew, before the happening

of the accident, that the sidewalk at the point in controversy needed repairs.   What it proved or tended to prove was, of course, for the jury to determine, and it was not the province of the court to instruct as to its effect or as to what inference the jury might draw from it.

The injuries sustained by plaintiff were very severe—perhaps of a permanent character—inducing great suffering and loss of time, and we agree with the Appellate Court that after the entering of a *remittitur* of $1000 of the verdict, the judgment thereon was not for an excessive amount.

The judgment must be affirmed.

*Judgment affirmed.*