## CHICAGO CITY RAILWAY COMPANY
### v.
## JOHN LEWIS, Adm'r.

1. NEGLIGENCE.—In an action for injuries occasioned by the negligence of another, the burden is upon the plaintiff to show not only that he was in the exercise of due care to avoid the danger, but that the defendant was guilty of a want of care.

2. INFERENCE OF NEGLIGENCE.—The rule that proof of an accident and resulting injury, is presumptive evidence of negligence only obtains where the circumstances attending the accident do not themselves rebut the presumption of negligence.

3. INTOXICATION.—A person who voluntarily uses intoxicating drinks until he has become helpless or his powers so far impaired that he is unable to exert the necessary effort to avoid danger, is guilty of negligence when he places himself in a position of danger.

4. COMPARATIVE NEGLIGENCE.—Where both parties are guilty of negligence, the plaintiff cannot recover unless the negligence of the defendant is gross and that of plaintiff slight in comparison.

Chicago City R'y Co. v. Lewis.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.    Opinion filed March 2, 1880.

This was an action on the case, brought by John Lewis, administrator of the estate of Martin English, deceased, against the Chicago City Railway Company to recover damages resulting from the death of English through the alleged negligence of the company in the running of its street cars.

The declaration alleges that on March 26, 1876, while the deceased, with all due care and diligence, was crossing State street, near its intersection with Archer avenue, one of the defendant's cars, through the negligence and improper management of defendant's servants, struck and ran over the deceased, causing him injuries of which he died April 1st, 1876.    That deceased left him surviving Catharine English, his widow, and four children, all still living.    That by the death of English said Catharine was deprived of her means of support, and the children of their means of support and education.

There was a jury trial resulting in a verdict for the plaintiff, with damages assessed at $3,000, for which amount the plaintiff had judgment.    The company bring the case to this court by appeal, and assign various errors.

Messrs. HITCHCOCK, DUPEE & JUDAH, for appellant; as to negligence arising from intoxication of the plaintiff, cited Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177.

The plaintiff was bound to exercise care in attempting to cross the track: Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; C. & N. W. R. R. Co. v. Ryan, 70 Ill. 211; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; T. P. & W. R. R. Co. v. Riley, 47 Ill. 514; C. & A. R. R. Co. v. Jacobs, 63 Ill. 178; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 102; Ill. Cent R. R. Co. v. Godfrey, 71 Ill. 500; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Ill. Cent. R. R. Co. v. Green, 81 Ill. 19; Kepperley v. Ramsden, 83 Ill. 354; L. S. & M. S. R. R. Co. v. Sunderland, 2 Bradwell, 310.

The burden is upon plaintiff to show he was in the exercise of due care : I. & St. L. R. R. Co. v. Evans, 86 Ill. 63 ; T. W. & W. R. R. Co. v. Grable, 88 Ill. 441.

Upon the rule of comparative negligence : City of Joliet v. Seward, 86 Ill. 402; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510 ; Ill. Cent. R. R. Co. v. Hammer, 85 Ill. 527 ; Ill. Cent. R. R. Co. v. Modglin, 85 Ill. 481 ; Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510 ; Ill. Cent. R. R. Co. v. Hutchinson, 47 Ill. 410 ; C. & A. R. R. Co. v. Gretzur, 46 Ill. 75 ; C. & N. W. R. R. Co. v. Sweeny, 52 Ill. 325.

Instructions should state the law accurately, and when taken together should be consistent : C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499 ; Camp Point Mfg. Co. v. Ballou, 71 Ill. 419 ; Quinn v. Donovan, 85 Ill. 194.

Messrs. STILES & LEWIS, for appellee; that negligence is a question for the jury, and their finding will not be disturbed unless it appears to have been influenced by passion or prejudice, cited C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Stickle v. Otto, 86 Ill. 161.

Upon the right of the deceased to walk in the street: Ill. Cent. R. R. Co. v. Hutchinson, 47 Ill. 410.

The law does not require the same diligence of a drunken person as of a sober one: C. & A. R. R. Co. v. Becker, 76 Ill. 25.

Records of the United States Signal Service office are admissible as evidence: 1 Greenleaf Ev. § 496; Gault v. Galloway, 4 Pet. 342; Village of Evanston v. Gunn, U. S. Sup. Ct. Oct. T. 1878; DeArmond v. Neasmith, 32 Mich. 231; Gurney v. House, 9 Gray, 404; Cliquot v. Champaign, 3 Wall. 114.

If the whole series of instructions is correct and fairly presents the law, an error in one of the series is no ground for reversal: No. Line Packet Co. v. Bininger, 70 Ill. 571; T. W. & W. Ry. Co. v. Ingraham, 77 Ill. 309; Stowell v. Beagle, 79 Ill. 525; Stickle v. Otto, 86 Ill. 161.

Upon the rule of negligence: Green v. Erie Ry. Co. 11 Hun. 333; Kenyon v. N. Y. C. & H. R. R. R. Co. 5 Hun. 479; Rudley v. London & N. W. Ry. Co. 1 App. Cas. 754; C. & N.

W. R. R. Co. v. Donahue, 75 Ill. 106; Wharton on Negligence, § 388.

WILSON, J.    As the case will have to be submitted to another jury, we shall refrain from discussing the testimony in detail, and give only a summary of the facts as disclosed by the evidence.    The accident which occasioned the injury complained of happened on the evening of March 26th, 1876, at about ten o'clock.    English got upon one of the company's cars near the rolling mill bridge, about two miles from the place of the accident.    He was considerably intoxicated, and conducted himself in a disorderly manner, using profane and insulting language, refusing to let the conductor collect fares, etc.    The conductor endeavored to pacify him, but was unable to do so, and on arriving at State and Nineteenth streets, called an officer, and English was put off the car.    The car passed on north, leaving English near the crossing, and a few feet west of the track.    Mr. Dunn, a police officer, who was acquainted with him, tried to persuade him to go home, and before hearing of the accident sent another officer to go with him.

Some time after English was put off, a car going south on State street, and when about midway between Eighteenth and Nineteenth streets, ran over him, and he was fatally injured. How he came to be there does not appear.    The night was dark and hazy, and the street at that point low and muddy. The driver and a Mr. Thomas were the only persons on the platform, neither of whom saw English until after he was struck.    A moment before the accident, a person on the sidewalk shouted, when the driver, supposing a passenger wished to get on, at once applied the brakes and stopped the car. English was found under the rear platform, the car having passed entirely over him.    The man who shouted, testifies that the car was going at an extraordinary speed—as he expressed it, a three-minute gait.    Aside from the improbability of this statement, the testimony to the contrary is overwhelming, and shows that the car was moving at about its usual speed of four miles an hour.

Under this state of facts, it is manifest that the plaintiff

failed to sustain the allegation of negligence on the part of the defendant. The burden was on the plaintiff to show not only that the deceased used due care and circumspection to avoid danger, but that the defendant was guilty of a want of care. In what particular the defendant is shown to have failed in the performance of its duty to observe care we are unable to perceive. The car was being driven at its usual rate of speed, the night was dark, and the weather inclement, making it difficult, if not impossible to see an object at any considerable distance on the track directly ahead; it was not at a street crossing, but midway between two streets, at a point where the street was low and muddy. The adjacent sidewalk on the west side of the street was three feet high, and that on the east side one foot, and the place of the accident was one where the driver would have no reason to suppose a footman would be found at that hour of the night. The moment he heard the alarm the driver applied the brakes and stopped the car, but too late to prevent the casualty. Under these circumstances, we see no grounds upon which negligence can be imputed to the railroad company.

It is claimed by appellee's counsel, that the bare fact that a man walking in the public streets of a city, is run over and killed by a horse car, imports gross negligence on the part of a railroad company in the management of its cars. The inference would be just as legitimate that the injured party was chargeable with gross negligence. It depends upon the circumstances of the case, and cannot be affirmed to be a rule of universal application. If it were in the daytime, or in a light night, or at a street crossing frequented by the public, there might be some ground for the assumption. But to assert that an accident occurring in a dark night and under the circumstances disclosed by the evidence in the present case, imports gross negligence, is an assumption not supported by reason or authority. The rule that proof of an accident and resulting injury is presumptive evidence of negligence only obtains where the circumstances attending the accident do not themselves rebut the presumption of negligence.

But if it were necessary to concede, under the proofs in the present case, tha tthe employees of the company did not exer-

Chicago City R'y Co. v. Lewis.

cise the highest degree of care, we think the evidence discloses gross carelessness on the part of the deceased, and but for which the accident would not have happened.  While there is no direct proof as to how he came to be on the track at the place where he was run over, the inference is irresistible that his mental faculties were obscured by intoxication, and that he undertook to walk along the track or cross the street without any clear perception of what he was doing, or any adequate appreciation of the danger to which he was exposing himself.  No man of ordinary prudence and in the possession of his senses would have been found walking in a dark night along a railroad track on which street cars were constantly passing at a point where the streets were muddy, the track depressed, and the sidewalks unusually high; and no reasonable cause can be assigned to account for deceased's being there, other than that he was intoxicated.

The plaintiff avers in his declaration that the deceased was in the exercise of due care, and on the trial it was essential it should appear he was exercising such care; or if not, that his negligence, as compared with that of the company, was slight and that of the company gross.   In the case of the Ill. Cent. R. R. Co. v. Cragin, adm'r, the court say:  "A person who voluntarily uses intoxicating drinks until he has become helpless, or his powers so far impaired that he is unable to exert the necessary effort to avoid danger, is guilty of negligence when he places himself in a position of danger; and so when he stupifies and deadens his intellectual powers so that he is unable to foresee and guard against danger.   If this evidence of intoxication be true, it is hardly probable that he was in a condition to exercise ordinary care."

It is manifest that if English had been in the possession of his unimpaired senses he would not have been on the track when he was killed.  Had he been sober, he could have as easily heard and seen the approaching car as could the person on the sidewalk who gave the alarm, and he could have avoided the danger by simply stepping off the track.   A reasonably prudent man would not expose himself under like circumstances to the danger of being run over; and for a person to do so

when intoxicated does not relieve him from the duty which the law imposes upon all alike, to exercise care and circumspection when about to cross a railroad track. The Supreme Court of this State has so often reiterated the doctrine that it is the duty of every person when crossing or walking upon a railroad track to do so cautiously and to look out for danger, as to render a citation of cases unnecessary. The uniform language of the court has been that it is indispensable to a recovery that the plaintiff should have used due care. This the deceased failed to do, but, on the contrary, was guilty of gross negligence.

On the trial in the court below, the defendant asked the following instruction: "The jury are instructed that if they believe from the evidence that said Martin English was injured at or near the north crossing of Nineteenth and State streets, or at any point between Eighteenth and Nineteenth on said State street, by coming in collision with the defendant's car going south on its track on said State street, and that death resulted from said injury; and if the jury believe from the evidence that the said Martin English, at and immediately prior to said injury was so intoxicated, or under the influence of intoxicating liquors as to cause him to be careless and neglectful of his personal safety, and that he was in fact negligent in regard thereto, and that by reason of such carelessness and negligence said injury was occasioned to said English, and had it not been for said intoxication and negligence said injury would not have happened, then, in such case, it would be the fault of said Martin English, and the jury should find the defendant not guilty." To which the court added the following modification: "Still, in that case, if the injury could have been avoided by the exercise of ordinary care by the driver of the car, and he failed to exercise such care, and the injury happened in consequence of such failure, then the defendant is liable."

The instruction as modified laid down a rule in relation to contributory negligence at variance with the well settled doctrine on that subject, as established by the Supreme Court of this State. The jury were told in substance that if the deceased failed to exercise ordinary care the plaintiff could recover, provided the driver failed to exercise ordinary care; in other words,

if both were negligent, and their negligence was equal, the plaintiff could recover. The law, as now firmly settled in this State, is that where both parties are guilty of negligence, the plaintiff cannot recover unless the negligence of the defendant is gross and that of the plaintiff slight, as compared with each other. The terms "slight" and "gross," as used by the Supreme Court, have come to have a fixed and definite meaning; and, as was said in City of Joliet v. Seward, 86 Ill. 402, it is not the law that if the plaintiff was guilty of negligence herself, yet that fact would not destroy her right to recover if the negligence of the defendant was so much greater than that of the plaintiff as to clearly preponderate and outweigh it." And in Ill. Cent. R. R. Co. v. Hammer, 85 Ill. 527, where the court say: "The rule has often been laid down that where a plaintiff has been guilty of negligence contributing to the injury, he cannot recover, unless the negligence of the defendant is gross; and not then unless the negligence of the plaintiff is slight in comparison to that of the defendant." See, also, Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510, where the same rule is declared.

It is true, that other instructions were given by the court in the present case which stated with more or less accuracy the true rule, and it is urged by appellee's counsel that when all the instructions are considered together, the jury could not have been misled by the one in question. But the Supreme Court have said in many cases that instructions should not be contradictory, but harmonious, so as to avoid the danger of confusing and misleading the jury; and we think that as the instruction in question was the last expression of the court to the jury, it was liable to be construed by them as qualifying the previous instructions, and should not have been given.

For the reasons hereinabove stated, the judgment of the court below is reversed, and the case remanded for a new trial.

Reversed and remanded.

McAllister, J., took no part in the decision of this case.