Syllabus.

## THE CITY OF JOLIET

*v.*

## SARAH M. SEWARD.

*Filed at Ottawa May 14, 1881.*

1.  PRACTICE—*questions of fact.* In an action on the case to recover for personal injury, resulting from the alleged negligence of the defendant, where the Appellate Court, by affirming the judgment of the circuit court, finds that the evidence sustains the verdict, such finding as to the facts is conclusive on this court, and only questions of law can be considered.

2.  EVIDENCE—*relevancy in rebuttal.* On the trial of an action on the case against a city to recover for a personal injury by being thrown from a buggy, caused by the explosion of a blast in the street, the defence gave evidence tending to prove that plaintiff had ample time to have driven far enough to be out of danger after the lighting of the fuse, before the explosion occurred: *Held,* that it was competent for the plaintiff to show in rebuttal the time that would intervene between the lighting of a fuse and the explosion. If the fuse testified about was different from the one used, that could be shown on cross-examination.

3.  NEGLIGENCE—*of notice to city.* Where work upon a public street had been commenced several days before an accident caused thereby, and the street was much used, and the character of the work was such that the city authorities doubtless knew that it could not be done without blasting, it was *held* no error to instruct the jury, in a suit against the city for negligence, that if the work in the street was being done in such a manner and for such a length of time as that the city authorities should have known of it if they had exercised reasonable care, actual notice to the city of the fact such work was being done was not necessary to be proven.

4.  SAME—*excavations in street.* A city has no right to permit or make a dangerous excavation in one of its streets by blasting, or allow the same to be made in a dangerous manner, except it causes such care to be used that others exercising ordinary care will not be injured thereby.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. E. MEERS, and Mr. GEO. S. HOUSE, for the appellant :

Before appellee can recover, she must show that the city knew, or could have known by the exercise of reasonable diligence, of the intended discharge of the blast, and that sufficient time elapsed after notice to have prevented it. *City of Chicago* v. *Langlass*, 66 Ill. 361.

And in addition to the foregoing she must show that she exercised due care and caution for her safety, before she can have recourse upon the city for compensation for any alleged damage. *City of Chicago* v. *McCarthy*, 75 Ill. 603.

And if, for the want of such a degree of care, she has sustained an injury, she must bear the consequences. *City of Centralia* v. *Krause*, 64 Ill. 19; *City of Aurora* v. *Pulfer*, 56 id. 270.

The city is only bound to exercise reasonable prudence and diligence in caring for its streets. It is not required to foresee and provide against every possible danger or accident that may occur. It is not an insurer against accidents, but is only required to keep its streets and sidewalks in a reasonably safe condition for the accommodation of travelers and pedestrians. *City of Chicago* v. *Bixby*, 84 Ill. 82; *City of Joliet* v. *Seward*, 86 id. 402.

Its duty, under the law, is only to see that its streets are reasonably safe,—and reasonably safe for persons exercising ordinary care and caution in using them. *City of Chicago* v. *McGiven*, 78 Ill. 347 ; *Town of Grayville* v. *Whittaker*, 85 id. 439 ; *City of Centralia* v. *Krause*, 64 id. 19.

It would be extending the liability of municipal corporations beyond anything demanded by public exigency, to hold them responsible for every unauthorized act that may be done by any one, which may be the cause, directly or indirectly, of injury to persons traveling on the streets. Such is not the law. *City of Joliet* v. *Seward*, 86 Ill. 402; *Requa* v. *Rochester*, 45 N. Y. 129.

Messrs. GARNSEY & KNOX, for the appellee:

Under the statute, in a case like this, where the judgment of the court below has been affirmed by the Appellate Court, this court will not inquire into any question of fact, nor examine the same further than to see whether the ruling of the court below, in giving or refusing instructions, receiving evidence, or passing on other law questions incident to the trial, was correct. Hurd's Stat. 1877, p. 110, sec. 90; *Carr* v. *Miner,* 92 Ill. 604; *Gray* v. *Agnew,* 95 id. 315; *Tenney* v. *Foote,* id. 99; *Hayward* v. *Merrill,* 94 id. 349; *Schwarz* v. *Bradley,* 95 id. 168; *Brandt* v. *Lill,* 96 id. 608.

What questions will this court in this case consider, in view of the statute, and decisions thereon? Not the question of notice, or of negligence, or of contributory negligence on the part of the plaintiff, for each and all of these are purely questions of fact, to be found by the jury, under proper instructions from the court. *Indianapolis and St. Louis Railroad Co.* v. *Evans,* 88 Ill. 63; *Aurora* v. *Hillman,* 90 id. 69.

Now, the jury have found that the city had notice; was guilty of negligence; that the plaintiff was not negligent, and has suffered damage; and that the blast was the direct cause of the injury;—all these are questions for the jury, "under proper instructions from the court." *Indianapolis and St. Louis Railroad Co.* v. *Evans, supra; Chicago and Alton Railroad Co.* v. *Pennell,* 94 Ill. 448; *Chicago* v. *Fowler,* 60 id. 322.

In this State, municipal corporations are responsible in damages for injuries occasioned by their streets being in a dangerous condition, when the city authorities know, or can know by the exercise of ordinary diligence, under the circumstances, of such condition, and could have guarded the traveling public against such danger. *Browning* v. *Springfield,* 17 Ill. 143; *Joliet* v. *Verley,* 35 id. 58; *Bloomington* v. *Bay,* 42 id. 503.

This liability is based on the negligence of the city, depends upon the fact of notice to the city of the dangerous

character of the work, and that steps were not taken to prevent it or guard passers-by from the consequences. Notice need not be direct. *Peru* v. *French*, 55 Ill. 322; *Sterling* v. *Thomas*, 60 id. 264; *Langlass* v. *Chicago*, 66 id. 362; *Chicago* v. *Fowler*, 60 id. 322.

Mr. Justice Craig delivered the opinion of the Court:

This case was before us at the September term, 1877, when the judgment was reversed on account of erroneous instructions. (*City of Joliet* v. *Seward*, 86 Ill. 402.) After the cause was remanded another trial was had, which resulted in a verdict and judgment in favor of the plaintiff, for the same amount that she received on the first trial. On appeal to the Appellate Court the judgment of the circuit court was affirmed, and the city of Joliet has prosecuted this appeal.

The argument of appellant was, doubtless, prepared under misapprehension of the statute, as it consists, mainly, of a discussion of controverted questions of fact, which, under the statute, in a case of this character, we are not at liberty to consider. Where the Appellate Court finds, as was done here by affirming the judgment, that the evidence sustains the verdict of the jury, such finding as to the facts is conclusive in this court, and only questions of law can be considered. *City of Aurora* v. *Pennington*, 92 Ill. 564; *Tenney* v. *Foote*, 95 id. 99; *Gray* v. *Agnew*, id. 315; *Brant* v. *Lill*, 96 id. 608.

On the trial of the cause, the defendant, for the purpose of proving that the plaintiff did not exercise ordinary care at the time she was injured, introduced evidence tending to prove that plaintiff had ample time to drive far enough to be out of danger after the lighting of the fuse, before the explosion occurred. In rebuttal, plaintiff proved by two witnesses, Davidson and Nobes, the time that would intervene between the lighting of a fuse and the explosion of the blast. The defendant objected to this evidence, and its admission is relied upon as error.

We think the evidence was competent. If the fuse the witnesses testified about was other or different from the one used when the accident occurred, that fact could be established on cross-examination, or by calling other witnesses.

When the cause was here before, it was held that the discharge of the blast was the primary cause of the injury; that the condition of the streets had no connection with the cause of the injury, and so far as the instructions directed the attention of the jury to defects or obstructions in the street as grounds of recovery, they were faulty. Appellant now contends that plaintiff's first, third and fourth instructions are erroneous, for the reason that they are in conflict with the rule announced, *supra*. Upon an examination of the instructions, however, it will be found that appellant has misapprehended their meaning. No defect in the street, except the blast, is relied upon; nor is there an intimation in the instructions that a recovery could be had on account of any defect in the streets, aside from the blast.

Appellant also objects to the fifth and seventh instructions given for plaintiff. The fifth, in substance, declared, that if the work on the street was being done in such a manner and for such a length of " time as that the city authorities should have known of it, had they exercised reasonable care," etc., actual notice to the city of the fact of such work was not necessary to be proven. We think there was ample evidence before the jury to base the instruction upon. The work had been commenced several days before the accident occurred, it was on a street much used, and the character of the work was such that the city doubtless knew that it could not be done without blasting.

In regard to the seventh instruction, it is said that it presupposes the fact that the city permitted the blasting. We do not think the instruction is liable to the criticism made upon it. The instruction merely declares that the city had no right to permit or make a dangerous excavation in one of its streets by blasting, or allow the same to be made in a

dangerous manner, except it caused such care to be used that others, exercising ordinary care, would not be injured. The principle announced was, no doubt, correct, and we do not perceive how the defendant could be injured by the instruction. But if the instructions complained of were not technically correct, the jury, at the instance of the defendant, was so fully instructed on every branch of the case, we are satisfied they were not misled by any instruction given for the plaintiff.

So far as the record shows, the case has been fairly tried, and we perceive no ground for reversing the judgment.

The judgment will be affirmed.

*Judgment affirmed.*