## The McLean County Coal Company

*v.*

### Robert Simpson.

*Opinion filed April 16, 1902.*

Appeals and errors—*when Appellate Court's decision is final as to the facts.* If the defendant to a suit at law voluntarily joins in submitting the issues of fact to the jury without moving to exclude the evidence or asking for a peremptory instruction, he must be held to have conceded there was evidence tending to support the issues in behalf of the plaintiff, and in such case whether the preponderance of the evidence justified the verdict is a question of fact, upon which the judgment of the Appellate Court is final.

*McLean County Coal Co.* v. *Simpson,* 97 Ill. App. 21, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.

Ewing, Wight & Ewing, for appellant.

Welty & Sterling, and Barry, Morrissey & Fifer, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The action below was case, brought by the appellee against the appellant company. On the trial of the issues before the court and a jury a verdict was returned and judgment was rendered against the appellant company in the sum of $5000. The Appellate Court for the Third District, to which the case was brought by appeal, affirmed the judgment of the circuit court. The appellant company has prosecuted this its further appeal to this court, and urges but one ground for reversal, viz., that the verdict of the jury is palpably against the overwhelming weight of the evidence, and that the circuit court erred, as matter of law, in denying a motion entered by

the appellant company for a new trial on the ground of such alleged insufficiency of the evidence to support the verdict.

In cases of this character litigants must be content with the decisions of the circuit and Appellate Courts as to all controverted questions of fact. As to such questions of fact the litigation must end with the final decision of the Appellate Court. (Hurd's Stat. chap. 110, sec. 89.) Whether there is evidence tending to support a verdict is a question of law, and if that question is presented to the trial court and ruled upon, the correctness of the determination of the point may be called in question by an assignment of error in this court. In the case at bar the appellant company did not, by motion to exclude the evidence or to direct a peremptory verdict in its favor, call upon the trial court to decide whether there was evidence tending to support the appellee's cause, but without objection proceeded to submit the issues of fact to the jury for determination. By thus voluntarily joining in the submission of the issues of fact to the jury for decision, the appellant company must be held to have conceded that there was evidence tending to support the issues on behalf of the appellee. (*Peirce* v. *Walters*, 164 Ill. 560; *West Chicago Street Railway Co.* v. *Fishman*, 169 id. 196.) That being true, whether the preponderance of the evidence justified and supported the verdict is a question of fact. Upon that contention the statute has granted the appellant but one appeal,—that to the Appellate Court. The statute expressly forbids that the decision of this contention of fact by the circuit and Appellate Courts shall be called in question in this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*