## City of Chicago v. Francis M. Sullivan, Administrator.

### Gen. No. 13,669.

1.  INSTRUCTION—*when, upon preponderance of evidence, not improper.    Held,* that the giving of the following instruction was not error in that the same had been expressly approved by the Supreme Court.

"While as a matter of law the burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence, still if the jury find that the evidence in this case preponderates in favor of the plaintiff, although but slightly, it will be sufficient to find the defendant guilty."

2. Practice—*what does not waive motion for new trial.* The mere failure to argue a motion for a new trial does not constitute an abandonment thereof.

3. Negligence—*when city guilty of.* *Held,* that the evidence tended to establish the negligence of the city, it appearing that a hole existed in a public street against the rail of the car tracks and that the plaintiff was injured while driving a wagon carefully along such street without knowledge of the existence of such hole or means of ascertaining its existence.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. Axel Chytraus, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 19, 1908.

James Hamilton Lewis and John R. Caverly, for appellant; P. J. O'Shea, of counsel.

Quin O'Brien and Archibald A. McKinley, for appellee.

Mr. Justice Brown delivered the opinion of the court.

This is an appeal from a judgment of $3,000 against the city of Chicago in favor of the appellee, Francis M. Sullivan, who was plaintiff below. The judgment was recovered by Sullivan under the "Campbell Act" as administrator of the estate of Vaclav Stephanek, against the city for causing though its negligence the death of his intestate on July 30, 1904.

The suit was originally brought against the Chicago Passenger Railway Company and the city of Chicago jointly. The declaration was in two counts. Each alleged that the city of Chicago was possessed and had control of 21st street in the city of Chicago on July 30, 1904, and that on that date the Chicago Passenger Railway Company had a double track railway along said street, "whereupon it became and was the duty of the defendants and each of them to use all due and reasonable care and diligence to have and keep said tracks and the street there in a reasonably safe repair and condition so that injury might not be caused to travelers upon the said street."

It then proceeds to allege that the defendants on that

date and long prior thereto permitted a dangerous hole to remain in the paving of said street "between and among and adjacent to the said tracks and right of way of said railway, at a point near the intersection of 21st street with Western avenue," and that the defendants had knowledge of the defect in time to repair it had they used reasonable care.

The second count pleaded also an alleged ordinance of the city of Chicago accepted by the Chicago Passenger Railway Company, granting to said Railway Company a "franchise" to maintain said tracks in and along said street, and providing that the railway company should maintain the paving in the street to the width of their right of way.

Both counts alleged that "by means of the negligence" described in allowing the hole to remain in the street, the plaintiff's intestate, on July 30, 1904, while in the exercise of due care driving a wagon along 21st street, was thrown from the wagon by reason of a wheel of said wagon going into the hole.

Both counts also make the allegations usual in such cases as to the next of kin and their deprivation of the means of support.

Each defendant pleaded separately the general issue.

During the progress of the trial, before a jury, while evidence was being heard on behalf of the plaintiff, the court sustained an objection to the introduction in evidence of an ordinance offered, on the ground that it varied from that pleaded. Thereupon the plaintiff dismissed the suit against the Chicago Passenger Railway Company, and it proceeded against the city of Chicago alone. Evidence was heard in behalf of both plaintiff and defendant.

The jury returned a verdict of $3,000 in favor of the plaintiff. A motion for a new trial and a motion in arrest of judgment were made, but not argued. After their denial by the trial judge an appeal was taken to this court.

Under the assignments of error the matters here argued are that the verdict was against the weight of the evidence, in that the jury should have found that the plaintiff's intestate was guilty of contributory negligence, and that the single

instruction given at the request of the plaintiff was erroneous. The instruction is the familiar one, which reads:

"While as a matter of law the burden of proof is upon the plaintiff to prove his case by a preponderance of the evidence, still if the jury find that the evidence in this case preponderates in favor of the plaintiff, although but slightly, it will be sufficient to find the defendant guilty."

This court expressed dissatisfaction with this instruction in O'Donnell, Admr., v. Armour Curled Hair Works, 111 Ill. App., 516, but we simply declined in that case to reverse a judgment because it had not been given when asked. Since then the instruction has been expressly approved by the Supreme Court. Chicago City Railway Co. v. Fennimore, 199 Ill., 9; Chicago City Railway Co. v. Bundy, 210 Ill., 48.

It is said that the instruction in this case is not applicable to the circumstances proven. It seems to us that if it is not, the only reason can be that there was no conflict in the evidence, and indeed that seems to be the appellant's contention. If that be so, the instruction certainly could have done the defendant no harm.

The principal contention of the appellant, however, is that the evidence shows contributory negligence on the part of the appellee's intestate, or, to be more precise, that the evidence fails to negative the existence of contributory negligence on his part. The argument in its behalf says: "It is true the question of contributory negligence is for the jury, but the verdict of the jury should certainly be based on the evidence; they have no right to go outside the record and by their verdict conclude that plaintiff was not guilty of contributory negligence in the absence of all testimony on this point. * * * It was the duty of the trial court to grant a new trial in this case because of the contributory negligence of the deceased."

To this the appellee replies that neither this question nor any other affecting the weight or sufficiency of the evidence to sustain the plaintiff's case can be raised in this court, because the motion for a new trial was not argued in

City of Chicago v. Sullivan.

the court below. It must therefore be considered waived, appellee insists, citing to this proposition Calumet Furniture Co. v. Reinhold, 51 Ill. App., 323, and Firemen's Insurance Co. v. Horton, 68 Ill. App., 497.

These cases support the rule to which they are cited, but we have since that time limited and modified it. Hartford Fire Insurance Co. v. The Northern Trust Company, 127 Ill. App., 355; Eckels et al., Receivers, v. Hawkinson, 138 Ill. App., 627. In the last case the matter is discussed at some length, and it is pointed out that while the motion for a new trial may be so abandoned in the court below as to foreclose the defeated party from complaining of its denial in the court above, the mere failure to argue it is not to be considered such an abandonment.

Nor do we think that McLean County Coal Co. v. Simpson, 196 Ill., 258, is an authority which goes to the length claimed by counsel for appellee, as we understand his argument. The opinion in that case does indeed declare that by allowing the plaintiff's case to go to the jury without moving for exclusion of the evidence, or for a peremptory instruction, the defendant concedes that there is evidence tending to support the plaintiff's case, and that therefore in such case there is not preserved for the Supreme Court the question of law whether there is evidence tending to support the verdict. But the question of fact, the question whether the plaintiff has supported the burden of proof which the law casts on him, is open to the Appellate Court (which in passing on the decision of the motion for a new trial must weigh the evidence) just as much where no motion to take the case from the jury was made as where it was. This indeed the Supreme Court implies in the case cited. Upon the contention whether the preponderance of the evidence justified and supported the verdict, the statute, it says, "has granted but one appeal — that to the Appellate Court."

We have examined, therefore, the evidence in this cause, to decide this contention. We see no reason for disturbing the verdict and judgment of the Superior Court.

It is not seriously contended that there was not negligence

shown on the part of the city in allowing a hole a foot deep and seven feet long in the pavement of a street otherwise covered with cedar blocks to remain there for three months, "while teams got stuck in it every day"; but it is insisted that there is no evidence that plaintiff, to use the language of defendant's argument, "in driving along a street car track, not fast, not slow, in the bright daylight of an early summer afternoon," was in the exercise of due care for his own safety, and the very fact that the wheel of his wagon fell into the hole is evidence that he must have been guilty of negligence himself.

The Supreme Court in C., C., C. & St. Louis Ry. Co. v. Keenan, 190 Ill., 217, said: "The question whether Kerr" (the plaintiff's intestate) "was guilty of contributory negligence was a question of fact to be passed upon by the jury, and while the burden of proof was upon the plaintiff to show that Kerr was in the exercise of due care for his own safety, it did not devolve upon him to establish such due care by direct and positive testimony, but such due care might be inferred from all the circumstances shown to exist immediately prior to and at the time of the injury, and in determining such question the jury might properly take into consideration the instincts prompting to the preservation of life and avoidance of danger."

We think this rule applied to the case at bar disposes of the question of contributory negligence. The hole was against the rail of the car tracks; the wagon was being driven carefully, as a man had a right to drive in the streets of the city; the driver, so far as the evidence shows, had no notice of the existence of the hole not to be gained by his immediate observation of the street; it is fairly and properly to be presumed he did not see it; his wheel suddenly slipped into it and he was thrown from the wagon and killed. We think his administrator's right to recover is clear.

The judgment of the Superior Court is affirmed.

*Affirmed.*