## Kate Gaffney, Appellant, v. City of Dixon, Appellee.

### Gen. No. 5353.

1. NEGLIGENCE—*injury resulting from obstruction in public street.* Where an injury occurs from an obstruction in a public street, *held,* that it was a question of fact for the jury whether from two o'clock in the afternoon until the accident occurred on the same day, was sufficient time for the city in which the street was situated to have had notice of the obstruction; also whether such obstruction was dangerous and whether danger signals should have been placed thereon at night.

2. NEGLIGENCE—*when doctrine of imputed does not apply.* Where a woman is injured while riding on a public street in an automobile driven

by her husband, the negligence of the latter cannot be imputed to her so as to defeat a recovery against the city for concurring negligence.

3. CONTRIBUTORY NEGLIGENCE—*riding in automobile.* To charge a wife with negligence in riding in an automobile driven by her husband where she knows that he has an injured hand, she must also know that because of such condition he was unable to manage the automobile with ordinary safety.

4. STREETS—*what not notice of disrepair.* Knowledge obtained by an alderman while engaged about his private affairs and not acting as a member of any committee having authority over streets, of the existence of a dangerous obstruction in a street, is not notice to the city.

Action in case for personal injuries. Appeal from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

JOHN E. ERWIN, for appellant.

MARK C. KELLER, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On the night of July 29, 1909, between 8:30 and 9 o'clock, Kate Gaffney was riding in the rear seat on the left side of an automobile running south on College avenue, a public street in the city of Dixon, and George Schorr in the front seat on the left side of the automobile, and Michael Gaffney, her husband, was at the right of Schorr, driving the auto. Julia Schorr was in the seat with Mrs. Gaffney. When at a point about seventy-five feet south of where Second avenue would intersect College avenue, the right front wheel of the automobile struck an obstruction. The automobile was turned against a telephone pole, and Mrs. Gaffney's hand or wrist was caught between the pole and the automobile and injured. She brought suit against the city to recover for the injury so sustained, and filed a declaration containing adequate averments to admit proof of the facts attending the accident and the effects of the resulting injury. There was a trial and a verdict of not guilty, upon which judgment was entered. From this judgment, she prosecutes this appeal.

The obstruction consisted of one wagon load of sand and gravel deposited near the curb on the west side of the avenue. Its highest point was variously estimated by the witnesses. Some testified it was six or seven inches high, others that it was from eighteen inches to two feet. Appellee had nothing directly to do with placing it there, and but slight notice, if any, of its being there. At some date, not stated, prior to the accident, appellee's council adopted a resolution directing that an ordinance be drafted for the building of a sidewalk on the west side of College avenue, from First street to Second street. The accident occurred opposite the grounds of Dixon College, beween First and Second streets. The adoption of this resolution did not bind appellee to any course of action, as its council might or might not adopt the ordinance after its preparation. The president of the college learned of the proposed ordinance and conferred with the mayor and a committee, whether the committee having the resolution for drafting the ordinance in charge or some other committee does not appear, and, as a result of the conference, the president of the college was permitted to repair the walk opposite the college grounds. He engaged a contractor to make the repairs, and at about two o'clock on the afternoon of the accident the load of sand and gravel was deposited in the avenue near the curb.

There is no proof that up to this time any officer of appellee had knowledge that it would be necessary to put any sand or gravel in that vicinity, or notice that any would be deposited in that portion of the street traveled by teams and automobiles. Therefore, it was a question of fact for the jury whether from two o'clock in the afternoon until the accident occurred was sufficient time for appellee to have had notice of the obstruction, and it was for the jury to decide whether the obstruction was in any way dangerous to public travel, as ordinarily and reasonably conducted, and whether appellee, in the exercise of ordinary care in providing a reasonably safe street for public travel, should have placed danger signals at that point at night.

On the question of notice to appellee the evidence shows

that about 5:30 o'clock in the afternoon of the day of the acci-
dent, an alderman of appellee saw the obstruction, which,
he testified, was not over six or seven inches high, and
next to the curb.    If notice to an alderman is notice to the
city, then appellee had notice.    We are not disposed to hold
that notice to an alderman of an obstruction in the street is
notice to the city, unless he is a member of some committee
having authority over the streets.    We cannot subscribe to
the doctrine urged by appellant, that every alderman when
about the city, attending to his own business, and not en-
gaged in city business, is such a representative of the city
that his observation of an obstruction in a street is notice
to the city of that obstruction.    Looney v. City of Joliet,
49 Ill. App. 621.    The action of aldermen, to bind a city,
must be taken in council meetings duly organized, or where,
as a member of a committee, some authority has been con-
ferred upon him.    Then, in the absence of proof that the
alderman who saw the obstruction was a member of some
committee to whom some duty connected with appellee's
streets had been committed, either by ordinance, or by some
other action of the council, we fail to see how what the alder-
man saw on his way home from work can be held to be notice
to the city.    Whether, before the accident to appellant, a
sufficient time had elapsed for the city to have ascertained
the presence of the obstruction, and decide what, if anything,
should be done to protect public travel, was also a question
for the jury.

The question of the city's liability for the injury to
appellee was very close; therefore, it was important that the
jury should have been accurately informed as to the law
bearing on the facts appearing in the evidence.    The court
refused an instruction requested by appellant, which would
have informed the jury, that, if the evidence preponderated
but slightly in favor of appellant's case, it would be sufficient
to warrant them in finding the issues in her favor.    No other
instruction suggested to the jury the fact that only a slight
preponderance of the evidence was required to entitle the
plaintiff to recover.    If this were the first time the question

had been presented for the judgment of a court, we might entertain some doubt as to the accuracy of such an instruction. In Taylor v. Felsing, 164 Ill. 331, the court said that the law only required that a preponderance of the evidence should be in favor of the plaintiff, and cited Mitchell v. Hindman, 150 Ill. 538. The court said in Chicago City Ry. Co. v. Fennimore, 199 Ill. 9, that there was no valid objection to such an instruction, citing the Taylor case. The same instruction was also approved in City of Chicago v. Sullivan, 139 Ill. App. 675; and in Chicago City Ry. Co. v. Bundy, 210 Ill. 39, the court said that such an instruction was substantially correct, again citing the Taylor case. We, therefore, conclude that, under the state of proof shown by this record, and in the absence of any other instruction containing the principle announced in this instruction, it was reversible error to refuse it. There was no error in the refusal of the court to give appellant's third, fourth, sixth and seventh instructions, as there was no evidence upon which to base the third and seventh, and the sixth omitted the element of constructive notice, and the fourth contained an abstract proposition of law which it was not proper to give under the evidence.

The proof shows that appellant's husband, who was driving the auto when she was injured, had met with an accident and broken his arm a few months before, and could not completely close the hand of the injured arm on account of the contraction of the cords, although he testified he had the same strength in the arm as before, and used it freely in everything that he did. Appellee contends that he could not operate the steering apparatus of the automobile as well as he could have done had he not sustained such injury; and that it was on that account, that, when the wheel struck the obstruction, it turned towards the curb and appellant's hand came in contact with the telephone pole. Upon that theory appellee asked and the court gave an instruction which told the jury, that, if they believed from the evidence that plaintiff was injured while she was riding in an automobile owned and driven by her husband, and that she was, at the time said

injury occurred, in the custody and care of her husband, and that her husband was not in a condition physically to control said automobile with ordinary care, and that plaintiff had knowledge of his physical condition at and prior to the time of her injury, and if they believed from the evidence that her husband's physical condition contributed to the accident complained of, then they should find the issues for the defendant. Appellee relies principally on the announcement made in City of Joliet v. Seward, 86 Ill. 402, to support the claim that one who has put himself in the care of another is responsible for the negligence of such other person and cannot recover for an injury to which the negligence of that person has contributed. If that contention is supported by the Seward case, a different rule has since been laid down in W., St. L. & P. Ry. Co. v. Shacklet, 105 Ill. 364; Consolidated Ice Machine Co. v. Keifer, 134 *id.* 481; Chicago City Ry. Co. v. Wilcox, 138 *id.* 370; C. & A. R. R. Co. v. Vipond, 212 *id.* 199; Nonn v. Chicago City Ry. Co., 232 *id.* 378. It is said in the Nonn case that "Whatever may be the doctrine of some of the earlier cases in other jurisdictions, not only our own recent decisions, but the great weight of authority, is to the effect that where a person injured is without fault and has no authority over the driver of a private conveyance, the negligence of the latter cannot be imputed to the injured person so as to defeat the recovery against a third party for the concurring negligence of the driver and such third party." In Yeates v. I. C. R. R. Co., 241 Ill. 205, it was said that "The negligence of a driver of a vehicle not under the control of the person injured is not to be imputed to him," citing Union Traction Co. v. Leach, 215 Ill. 184. Under these authorities it is evident that the instruction did not state a principle of law applicable to the facts. Moreover, the instruction does not relate alone to the relation of husband and wife or driver and person driven, but undertakes to state a case where appellant herself would be negligent and thereby defeat her recovery. To make the wife negligent under the circumstances stated in the instruction, it would not only be necessary that appellant should know

what her husband's physical condition was, but she would also know or would be required, in the exercise of ordinary care, to know that because of that condition he was unable to manage the automobile with ordinary safety. Under this instruction appellant, knowing that her husband had had his arm broken, would be barred from recovery even if she did not know that as a result of such accident, he was unable to control the automobile with ordinary care. Again, even if the evidence had shown that these conditions existed, still it was for the jury to say whether appellant was in the exercise of ordinary care for her own safety while riding under the control of a driver who had such physical disability. This instruction did not leave that question of fact to the jury, but in effect told the jury that such conduct on the part of appellant was lack of due care. This was calculated to prejudice the case appellant submitted to the jury.

For the errors indicated in the ruling of the court on the instructions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*