PEOPLE *v.* SULLIVAN.

1. CRIMINAL LAW—MOTION FOR NEW TRIAL—JURISDICTION.
   Where a motion for new trial in a criminal case was made within the statutory period (Act No. 175, Pub. Acts 1927, chap. 10, § 2), the trial court obtained jurisdiction to hear the motion, and it was not lost because of lack of formal orders of continuance; subsequent proceedings being in the judicial discretion of the court.

2. SAME—PLEA OF GUILTY—DISCRETION OF COURT IN GRANTING NEW TRIAL.
   Where defendant pleaded guilty to a charge of burglary, and the record shows that the court made the required examination as to the circumstances of the plea and its voluntary character, but does not set up the specific information acquired by the court therefrom, the Supreme Court is unable to say whether, in the exercise of proper discretion, a motion for a new trial, supported by affidavits claiming alibi and that defendant was mentally undeveloped, should have been granted or denied.

Error to Washtenaw; Sample (George W.), J. Submitted January 18, 1929. (Docket No. 152, Calendar No. 33,952.) Decided March 29, 1929. Reversed and remanded.

Fred Sullivan pleaded guilty to burglary. From an order dismissing a motion for new trial he brings error. Reversed and remanded for hearing of motion on merits.

*J. Adrian Rosenburg* and *J. Don Lawrence,* for defendant.

*Wilber M. Brucker,* Attorney General, and *Carl H. Stuhrberg,* Prosecuting Attorney, for the people.

FEAD, J.  March 13, 1928, defendant pleaded guilty to the crime of burglary and on the same day was sentenced to a term in the State prison.  On April 4th he made motion for new trial, with supporting affidavits claiming alibi, and that defendant was mentally undeveloped.  The motion was noticed for hearing on April 14th.  Nothing was done on that day.  On May 28th, defendant having changed attorneys but without substitution on file, a new notice of hearing on June 2d was given.  Hearing was not had on the latter date, but defendant's counsel filed consent to an order of substitution of attorneys and gave another notice of hearing for June 9th.  On the latter day the motion came on to be heard, and the prosecuting attorney orally moved to dismiss defendant's motion on the ground that, there having been no formal orders of continuance, the court had lost jurisdiction to hear it.  The court adopted the contention, and dismissed the motion.

The authorities do not afford much assistance, but it has been held in civil cases that a motion for new trial is not waived or abandoned by mere failure to argue it.  46 C. J. p. 391; *City of Chicago* v. *Sullivan,* 139 Ill. App. 675; *State* v. *Railroad Co.,* 17 Nev. 259 (30 Pac. 887); *Estate of Carithers,* 156 Cal. 422 (105 Pac. 127).  In 42 C. J. p. 505, the rule as to motions generally is stated:

"Under a notice that a motion will be made upon a certain day, or as soon thereafter as counsel can be heard, the motion must be brought on within a reasonable time."

The only requirement of a motion for new trial in a criminal case, provided by statute or rule, is that it be made within 30 days after verdict.  Act No. 175, Pub. Acts 1927, chap. 10, § 2.  This means that the

motion shall be filed and notice of hearing served or mailed within such time. It does not mean that the motion must be decided or heard within such period. Subsequent proceedings are in the judicial discretion of the court. Undoubtedly failure of the mover to bring on the motion within a reasonable time or to appear at the hearing would justify the court, in the absence of fair excuse, in dismissing the motion for want of prosecution. But once jurisdiction to hear the motion has obtained, later departure from the groove of diligent and regular procedure is to be visited with such consequences only as the circumstances render proper. The court had not lost jurisdiction.

As defendant pleaded guilty, and the record shows that the court made the required examination as to the circumstances of the plea and its voluntary character, but does not set up the specific information acquired by the court therefrom, we are not able to say whether, in the exercise of proper discretion, the motion for new trial should be granted or denied.

The order dismissing defendant's motion is set aside, and the case remanded to the circuit court to hear and determine the motion on its merits.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. NORTH, C. J., and POTTER, J., did not sit.