JOSEPH PENN, Admr. etc.

*v.*

STEPHEN E. OGLESBY.

1. PRACTICE—*overruling motion for new trial pro forma.* The parties to a suit at law have a right to the decision of the judge trying the case, upon a motion for a new trial, the same as upon all other questions arising, and the practice of overruling such a motion *pro forma* is anomalous, and should not be indulged.

2. EVIDENCE—*sale bill of party.* Where a son delivered to his father large quantities of grain to apply on the indebtedness of the former to the latter, in a suit by the administrator of the father against the son, the sale bill of the son's grain made by the father is admissible in evidence, it being in the nature of an admission of the sum for which he sold his son's property, and tending to fix the amount for which the intestate was liable.

3. WITNESS—*competency—when administrator sues.* In a suit by an administrator, when the administrator testifies as to an admission made by the defendant in the lifetime of the intestate, the defendant is a competent witness to testify as to such admission.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. James M. Dill, and Mr. Wm. C. Kueffner, for the appellant.

Messrs. Gillespie & Happy, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears that appellee and his father, in his lifetime, for a period of ten years or more, had dealings and transactions to a large amount. The father loaned money to and paid debts for the son to a large amount, and the son placed grain and other property in the hands of his father for sale, which was, we presume, to be credited to appellee on what he owed the father. The property was sold, and, as is usual in such transactions, it does not very definitely appear what sum was realized. On the other hand, the notes given by appellee to the father fix the amount due the father more definitely. On the death of the father, appellee presented his claim, in the county court, against the estate.

A trial in that court resulted in favor of the estate for the sum of $3062.54. The case was appealed to the circuit court by claimant. A trial was had in the latter named court, at the September term, 1876, when the jury found in favor of the estate, and fixed the amount at $1727.80. Appellant moved for a new trial, and appellee confessed the grounds, and the verdict was set aside, and a new trial had at the April term, 1877, when the jury found a verdict in favor of the estate for $1129.48. A motion for a new trial was entered and overruled, and the administrator appeals.

This record presents the anomaly of a motion for a new trial being overruled *pro forma*. The responsibility of passing upon and deciding a motion for a new trial is upon the circuit judge, and should not be cast upon this court in the first instance. We do not see and hear the witnesses testify, as does

the circuit judge, and hence we can not feel sure that we can place a fair estimate on the evidence, whilst the circuit judge can, from his superior advantages, feel sure in his determination that he is acting in the promotion of justice. The parties have a right to the decision of the judge on this as upon the questions of evidence, the giving or refusing instructions or the decision of a case submitted to him for trial. To decide any of these questions *pro forma* would create, to say the least, surprise in the minds of the profession, and in principle no distinction is seen between such cases and the present. It is a practice that almost compels parties to seek a decision in an appellate court, when they have the right to the decision of the judge trying the case. Such a practice should not be indulged.

After a careful examination of the evidence in this record, we are unable to say that the finding is so clearly against the testimony as to require that it should be disturbed. The issues are peculiarly for the determination of a jury. The evidence shows that a large amount of property of appellee went into the hands of deceased who sold and appropriated the proceeds. The evidence warranted the jury in finding these sales amounted to a sufficient sum, when applied as a credit at the time, to reduce the claim of decedent to the amount found by the jury. If, as it should have been, it had been credited, it, of course, would have stopped interest, which, it is claimed, was due on the notes, amounting to $568. If the payments should be deducted, then most of this sum could not be allowed, as the principal on which it is claimed to have accrued, as the jury seem to have found, was paid. If this sum for interest should be added to the verdict, it would make the sum of nearly $1700.

From the evidence in the record, different accountants would very probably reach widely diverging conclusions, owing to the careless and confused manner in which deceased kept the account. We are unable to say that another jury would reach

a result more favorable to appellant, and must therefore decline to disturb the finding.

It is objected that the court erred in admitting the sale bill of appellee's property in evidence. We can see no possible objection to it. The sale was made by or under the direction of deceased, and he being liable to account for the amount of the proceeds of the sale, it was one of the modes of showing what amount was received on the sale, and for which the estate should account. It was in the nature of an admission by deceased of the sum for which he sold his son's property, and it was legal and proper that the sale bill should be admitted as tending to fix the amount for which intestate was liable to account.

It is lastly urged that the court erred in permitting appellee to testify as to his admission, given in evidence by the administrator, as having been made to him before the death of intestate. By the third clause of section 2, chapter entitled "Evidence and Depositions," (Rev. Stat. 1874, p. 480,) appellee was clearly entitled to testify as to the same conversation sworn to by the administrator. That clause can bear no other construction.

Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*