## Calumet Furniture Co. v. Reinhold.

1. ASSIGNMENT OF ERROR—*Excessive Damages.*—The fact that the damages were excessive not having been assigned as one of the causes in a motion for a new trial, it can not be assigned for error. The Appellate Court sits only to review the proceedings of courts, and not in the first instance to correct improper findings of juries; and unless the court was asked to set aside the verdict because of the alleged excessive amount thereof, it could and would not commit any error in not setting it aside for such reason.

2. MOTION FOR NEW TRIAL—*When Abandoned.*—When counsel neglect to argue a motion for a new trial, such motion may be considered as abandoned.

3. ERRORS—*Assignment Abandoned.*—Errors assigned in this court, if not argued, may be treated as abandoned.

4. APPELLATE PROCEEDINGS—*Errors to be Pointed Out.*—The proper conduct of business, as well as the interests of justice, require that the attention of the trial court should be specifically called to errors it is alleged to have committed, and to all grievances which a party believes he has suffered at its hands.

**Memorandum.**—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

EDWARD OWINGS TOWNE, attorney for appellant.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant, having a chattel mortgage upon certain household furniture purchased from it by appellee, upon default in the payment of one of the secured notes, seized the said goods, and after advertisement, sold them at public auction to a Mr. Brown for $75, which was all the goods were shown to be worth.

There was, before the foreclosure sale, due from appellee the sum of $64.50. Appellant, after the foreclosure sale, purchased from Brown a portion of the goods; what por-

tion was not shown, nor was it shown how much appellant paid for what it so bought.

It did not appear that there were any expenses attending the foreclosure.

Appellee testified that she had paid to appellant $91 on the furniture, and the jury gave her a verdict for that sum, upon which there was judgment.

Appellee was, under the evidence, clearly entitled to a verdict for $10.50.

A majority of the court are of the opinion that, it not having been assigned in the motion for a new trial that the damages allowed by the jury were excessive, the judgment should be affirmed; as this court sits only to review the proceedings of courts, and not in the first instance to correct improper findings of juries, and unless the court was asked to set aside the verdict because of the alleged excessive amount thereof, it could and would not commit any error in not setting it aside for such reason.

The writer of this opinion is inclined to think that the assignment that the verdict was against the evidence was sufficient in this case to raise the question of excess in the amount of damages awarded; that there is a distinction between motions for new trial in cases wherein the amount of damages to be awarded is in the discretion of the jury, and causes where the damages are a matter of computation.

It appears that the motion for a new trial was not argued. Such being the case the judgment should be affirmed.   As before stated this court sits only to review the action of courts.   When counsel neglect to argue a motion for a new trial, such motion may be considered as abandoned.

Errors assigned in this court, if not argued, may be treated as abandoned.   W., St. L. & P. Ry. Co. v. McDougal, 113 Ill. 60; Bergman v. Bogda, 46 Ill. App. 351.

It is not just to parties who have obtained judgment to let a motion for a new trial go by default, and then appeal from the judgment rendered upon such default.   The proper conduct of business, as well as the interests of justice, require that the attention of the trial court should be spe-

cifically called to errors it is alleged to have committed, and to all grievances which a party believes he has suffered at its hands.

Nor should this calling of the attention of the trial court be done in a mere perfunctory way. It is for the interest of not only the litigants, but of the public, that causes, as far as possible, be finally disposed of in the *nisi prius* courts.

The judgment of the Circuit Court is affirmed.