## Firemen's Insurance Company v. Lillie Horton.

68   497
170s 258

1.  APPELLATE COURT PRACTICE—*Presentation of Cases—Motions.*—
A mere perfunctory motion, with mere perfunctory action thereon, is
not such a presentation of a case in the trial court as entitles an appel-
lant to the judgment of an Appellate Court upon the question of whether
the court below erred in overruling a motion for a new trial.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court
of Cook County; the Hon. R. S. TUTHILL, Judge, presiding. Heard in
this court at the October term, 1896. Affirmed. Opinion filed January
21, 1897.

### STATEMENT OF THE CASE.

This was an action upon an insurance policy, to recover
for a loss sustained to household goods by their destruction
by fire on November 25, 1893.

The declaration contained two counts, to which the gen-
eral issue was filed, and a notice of thirty-eight special
matters of defense.

The jury rendered a verdict against the appellant for the
sum $1,522.95, upon which a judgment was rendered, and
an appeal taken to this court.

At the time this policy was issued there was a chattel
mortgage upon these household goods, or a portion of them,
dated February 4, 1893, for $81.60, upon the following de-
scribed property: "Thirty-four yards, more or less, twelve
yards a-c twenty-two yards rubber; thirty-two yards, more
or less, red rug; one sofa bed, two gent's chairs, two parlor
chairs, three Smyrna rugs, one comforter; eighteen yards,
more or less, ingrain carpet."

At the time of the fire there was $50 due upon this mort-
gage, which was outstanding and unreleased of record.

The policy provides that " if the interest of the assured
in the property be other than an absolute fee simple title,
or if any other person or persons have any interest what-
ever in the property described, whether it be real estate or
personal property; or if there be a mortgage or other in-

cumbrance thereon, whether inquired about or not, it must be so represented to the company, and so expressed in the written part of the policy, otherwise the policy shall be void.

Mrs. Horton testified that at the time she was applied to by Charles E. Smith to insure these goods, she told him that there was a mortgage upon the goods, and that they were not hers until they were paid for, and that he replied, saying that was all right; that this occurred at the time she paid the premium and before the policy was delivered; that she never saw any one else concerning said insurance until after the fire; that he was the only party with whom she dealt; that the goods cost $250, and that there was $50 due on them at the time of the fire.

In an affidavit for continuance, the defendant stated " that he, the said Charles E. Smith, acted as the agent of the said Lillie Horton in obtaining the policy of insurance sued on in this case, and that the said Lillie Horton, at the time the policy sued on was obtained, represented and stated to said Smith that she owned the furniture insured or to be insured in said policy, free from incumbrance of any kind, with the exception of the piano, but that she did not own the piano, which was simply leased to her."

To avoid a continuance on account of the absence of said Smith, the attorneys for the plaintiff admitted that the said Charles E. Smith, if present, would testify to the alleged facts as stated and set forth in said affidavit.

Mrs. Horton says that she had met Mr. Smith many times before, and he had asked her to insure. She was then asked :

" Q.   Had Mr. Smith ever done any business for you, or since that time ?   A.   No.

Q.   Was he at that time acting for you or for the company?   A.   He was soliciting insurance."

U. P. Smith and Wm. J. Ammen, attorneys for appellant.

Moses, Pam & Kennedy, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The bill of exceptions in this case, as to what occurred upon the trial of the cause, contains the following :

" And the court further certifies that said defendant, by its solicitor or otherwise, did not appear in court and argue or urge said motion for a new trial, but assented to the overruling by the court of said written motion for a new trial, without argument of the points set forth therein, and without reading, or in any way presenting, said grounds for a new trial to the court, and the court did not hear or see said grounds or written motion for a new trial."

On December 1, 1896, a motion was made to amend the bill of exceptions by striking therefrom the clause in which it was stated that the defendant assented to the overruling of the motion for a new trial. The court thereupon amended said bill of exceptions, and the clause referred to, so as to read as follows :

" And the court further certifies that said defendant appeared by its solicitor, but said solicitor did not argue or offer to argue said motion for a new trial, or any of the points stated therein, as grounds therefor, nor were said points or grounds of said motion for a new trial formally read or stated, or shown to, or considered by the court, but said motion was overruled and denied by the court without any argument in behalf of the defendant in said cause."

Appellee objected to this amendment; and a bill of exceptions, containing such objections and exceptions, and certifying what was before the court at the time of such amendment, was made.

The court recites, in its bill of exceptions signed on December 1, 1896, that the order amending the said bill of exceptions " was made upon the inspection of the record, including the bill of exceptions, and that no other evidence was offered by either party or heard or considered by the court on the hearing of said motion, or in the making and entry of said order."

Whether the court could, upon an inspection of the rec-

ord that had been made at the March term, amend it at the December term, there not being in such record anything showing any mistake or misprision of the clerk, is a question we do not feel called upon to decide, as from an inspection of the record, as amended, it appears that there was no proper presentation of a motion for a new trial.

A mere perfunctory motion, with mere perfunctory action thereon, is not such a presentation as entitled an appellant to the judgment of an Appellate Court upon the question of whether the court below did not err in overruling such motion for a new trial. Penn v. Oglesby, 89 Ill. 110; Alley v. Limbert, 35 Ill. App. 592; Smith v. Kimball, 128 Ill. 583; Clifford v. Drake, 110 Ill. 135; Brewer v. National Union Bldg. Assn., 64 Ill. App. 161.

The judgment of the Circuit Court affirmed.