### Cleveland, Cincinnati, Chicago & St. Louis Railway Company v. Augustus M. Sparks, Administrator.

1. ORDINARY CARE—*affirmative proof of, essential to recovery in personal injury action.* In order to recover damages for personal in-
juries caused by negligence, the plaintiff must prove affirmatively that
he was in the exercise of ordinary care for his own safety at and prior
to the injury complained of.

2. RIGHT OF RECOVERY—*when question of law for court to determine.*
It is a question of law for the court to determine whether there is any
evidence tending to prove the material issues of the case.

3. MOTION FOR NEW TRIAL—*what sufficient presentation of, to preserve cause for review.* The filing of a written motion for a new trial, coupled with the fact that the court read the same and took the motion under advisement, is a sufficient presentation of a motion for a new trial to preserve the points urged for review.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Reversed, with finding of facts. Opinion filed March 7, 1905. Rehearing denied August 24, 1905.

GEORGE F. McNULTY, for appellant.

BURTON & WHEELER, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

Appellee's intestate, Franklin A. Sparks, was struck by a north-bound passenger train on appellant's railroad, at a highway crossing near the station of Nameoki, in Madison county, about twelve o'clock on the night of July 22, 1902. Nameoki is a small unincorporated village through or just west of which three railroads pass. The tracks of the three railroads are parallel and run in a northeasterly and southwesterly direction. At the point where the collision occurred a highway known as the Alton and St. Louis road crosses the tracks of the three railroads mentioned at an angle of sixty or seventy-five degrees. The railroad named in order from west to east are, the Chicago & Alton, the Big Four (appellant's), and the Wabash. The tracks of the Chicago & Alton and Big Four were used as a double track by these two roads and the Burlington; all trains south bound using the Alton track and all trains north bound using the Big Four track. The highway was used by farmers in hauling produce to Nameoki and St. Louis. The night of the injury the deceased left his home about eight miles from Nameoki driving two horses hitched to a farm wagon loaded with melons, intending to reach the St. Louis market early in the morning. He left home about nine o'clock and reached the crossing where he was killed about twelve o'clock.

Suit was brought by appellee, father of deceased, as administrator. The declaration contains five counts, to which appellant pleaded the general issue. At the close of the evidence the court instructed the jury to find for the defendant on the first, second and fifth counts, but refused such instructions as to the third and fourth counts. The jury returned a verdict for the plaintiff for $1,999. A motion by defendant for a new trial was overruled and judgment on the verdict for the plaintiff was entered, from which the defendant appealed.

In reviewing the record we are concerned only with issues made by the third and fourth counts of the declaration, the other counts having been taken from the jury by instruction of the trial court. The negligence alleged in the third count is, that appellant's servants failed to blow the whistle or ring the bell as required by statute; and in the fourth count, that appellant neglected to maintain the crossing and approaches in a safe condition. In order to maintain a right of action on either count the appellee was required to prove that his intestate was in the exercise of ordinary care for his own safety prior to and at the time of the injury, and that the negligence of the deceased in no wise contributed to the injury complained of. We find no evidence in the record which tends to prove that deceased was in the exercise of ordinary care, nor does there appear any circumstances relating to or affecting his conduct, from which it may be reasonably inferred that he exercised ordinary care. On the contrary, all the evidence bearing upon the action and conduct of the deceased tends strongly to show, either that he was asleep and wholly unconscious of apparent danger, or that he was blindly and deafly indifferent and reckless of danger in attempting to cross the track without using his faculties of sight and hearing to learn whether or not a train was approaching. Taking into consideration the kind of crossing, the conditions as they were shown to be by the evidence, and his knowledge of the situation, we think all reasonable minds will agree that in common precaution and reasonable care for his own safety he should

have looked and listened for the approaching train, and that if he had done so this accident would not have occurred. He was familiar with this crossing. He lived not far from it and drove across it many times night and day in going to and returning from market. The fact that three railroads on which many trains ran daily was to be crossed, made it an unusually dangerous crossing at any time. The deceased knew all this, and it is the law that the degree of care required of the plaintiff must be commensurate with the known danger to which he is exposed. On the road, as he drove towards this crossing the night he was killed, deceased was seen, within an hour of the collision and within less than two miles of the place, by three persons who passed him. He was then lying down on the seat in the wagon, wrapped in a quilt and apparently asleep; the lines or reins used in driving being tied or fastened to a stake on the sideboard of the wagon. This was the last seen of him until after his wagon was struck by the train, when his body was found, still wrapped in the quilt and still lying on the wagon seat, which lodged on the pilot of the engine. When approaching the crossing, and within 200 feet of it, the engineer and fireman saw the team and wagon standing on the track and neither saw any person in the wagon. There is no dispute of the testimony of any of the witnesses to which we have referred. This is all the evidence to be found in the record upon which to make a finding upon the issues as to whether the deceased was in the exercise of ordinary care. There was no considerable or sufficient obstruction to prevent the deceased from seeing the approaching train in ample time to avoid the collision if he had cast his eyes in that direction; and within common knowledge and experience it would seem that the noise of the train could have been heard long before he reached the track. There is nothing shown in the circumstances or the occasion by which the deceased may be relieved of the duty to look and listen for the train as he approached the track. Failing to do so, under the evidence in this case, was such contributory negligence as

will bar a recovery. It will profit nothing to discuss propositions of law presented and urged by counsel for both of the parties. The principles applicable and which must control in reviewing the evidence on appeal in a case of the kind now under consideration, have been so frequently declared and announced by the courts in this State, and are so generally understood, that we do not deem it necessary to cite authority or discuss the opinions cited in argument. There is no conflict in these. It is elementary, that in order to recover in an action for damages for personal injury, caused by negligence, the plaintiff must prove affirmatively that he was in the exercise of ordinary care for his own safety at and prior to the time of the injury complained of. It is also elementary, that the negligence of either of the parties to the action, ordinarily, is a question of fact for the jury. But it is quite as well established, that it is a question of law for the court to determine whether or not there is any evidence tending to prove any and all material issues on trial. This is in accord with all the decisions, certainly with all recent decisions of the Supreme and Appellate Courts of this State.

Appellant did not argue its motion for a new trial before the Circuit Court, and for this reason appellee contends that the errors assigned have been waived and that the judgment ought to be affirmed. We do not agree with this contention. It appears from the abstract that appellant filed a written motion for a new trial in which was set out in detail the reasons urged in support of the motion. The court asked what the motion contained. Appellant answered that it contained the usual grounds, that the verdict was contrary to the law and the evidence, that the jury disregarded the instructions of the court, and suggested that the court was familiar with the law and the evidence. It further appears that the motion was read by the court, taken under advisement, and afterwards overruled. This we regard as a sufficient presentation, and it must be assumed from what was done that if argument were necessary the court or opposing counsel would have required it.

In accordance with the views here expressed, the judgment·of the Circuit Court will be reversed with a finding of facts.

*Reversed, with finding of facts.*

We find as facts, to be incorporated with the judgment, that appellee's intestate was not in the exercise of ordinary care for his own safety just prior to and at the time of the injury, and that he was guilty of contributory negligence for which he may not recover.