## Oscar W. Brecher, administrator, v. Chicago Junction Railway Company, et al.

### Gen. No. 11,886.

1. MOTION FOR NEW TRIAL—*when overruling of, cannot be assigned as error.* Where the defendant's motion for a new trial was overruled at its own request, the ruling cannot be assigned as error.

2. MOTION FOR NEW TRIAL—*effect of overruling, at request of party making.* Where a motion for a new trial has been overruled at the request of the party making it, the Appellate Court cannot review the evidence, consider its weight, or the rulings of the court with respect to the admission or exclusion of evidence, but may pass upon alleged errors in the instructions.

3. CROSSINGS—*what will not affect obligations of owners of tracks constituting.* When two railroad tracks belonging to two different owners cross, the crossing being a part of each track, it is the duty of each owner to maintain the crossing in a reasonably safe condition, and no contract or arrangement between such owners, in regard to the maintenance of such crossing, can affect the responsibility of either to a third person injured, when rightfully on the track, by reason of the unsafe condition of the crossing.

4. CROSSINGS—*instructions as to duties of railroad companies at, approved.* In this case there are several instructions upon this subject set out in full, which are approved.

5. INSTRUCTION—*when does not contain merely abstract propositions of law.* Where an instruction in terms refers to one of the parties to the cause and where it is based upon evidence therein, it cannot be said merely to contain an abstract proposition of law.

6. NEGLIGENCE—*instruction upon, held prejudicial.* Instructions upon this subject as follows:

"The court instructs the jury that even if you should believe from the evidence that Street's Western Stable Car Line was guilty of negligence with respect to the maintenance of its crossing, still the jury should not find a verdict against it, if you believe from the evidence that by the exercise of ordinary care it could not have foreseen that some injury might result from such alleged negligence;

"The court instructs the jury that even if you should believe from the evidence that Street's Western Stable Car Line was guilty of negligence, still, unless you also believe from a preponderance of all the evidence that such negligence, if any, was the

Brecher v. Chicago Junction Railway Co.

efficient or proximate cause of the accident complained of, then you should find that defendant not guilty,—" held prejudicial.

7. NEGLIGENCE—*instruction upon, must not ignore theory of recovery.* An instruction upon this subject which ignores the theory of recovery as charged in the declaration that the accident might have occurred because of the joint or combined negligence of the defendants, is erroneous.

Action on the case for death caused by alleged wrongful act. Error to the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed April 10, 1905. Rehearing denied April 24, 1905.

DENEEN & HAMILL, for plaintiff in error.

WINSTON, PAYNE & STRAWN and MORAN, MAYER & MEYER, for defendants in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is a writ of error to reverse a judgment in favor of defendants in error. Plaintiff in error sued defendants in error and the Chicago City Railway in case, for negligently causing the death of plaintiff's intestate, Robert Gunn, deceased. The jury found the Chicago City Railway Co. guilty and assessed damages against it, and found each of the defendants in error not guilty. Motions for a new trial by plaintiff in error and by the Chicago City Railway Co. were made and overruled, and judgment was rendered on the verdict, from which judgment the Chicago City Railway Co. appealed to this court, with the result that the judgment against it was reversed and remanded. Chicago City Railway Co. v. Brecher, 112 Ill. App. 106. Subsequently the plaintiff in error sued out the present writ of error to reverse the judgment in favor of the defendants in error. The following occurred in the trial court in reference to the motions of plaintiff in error and the Chicago City Railway Company for a new trial: The attorney for plaintiff in error, addressing the court, said: "I enter a

motion, on behalf of the plaintiff, for a new trial, but I do not care to have it granted unless your Honor sees fit to grant the motion of the Chicago City Railway Company. If your Honor feels compelled to grant the motion of the Chicago City Railway Company, I shall also ask to have my motion granted." Remarks of counsel on both sides then followed, which are not important to be considered, when plaintiff's attorney, again addressing the court, said: "Before the judgment is entered, if the court please, I wish my motion overruled." The court overruled the motion of the Chicago City Railway Company and also the plaintiff's for a new trial. The motion for a new trial having been overruled by the request of the plaintiff, the ruling cannot be assigned as error. Smith v. Kimball, 128 Ill. 583; First Nat'l Bank v. Ill. Steel Co., 174 ib. 140, 154; Sheridan v. City of Chicago, 175 ib. 421; Essroger v. City of Chicago, 185 ib. 420.

There are numerous other cases to the same effect. Such being the law, we cannot review the evidence, consider its weight, or the rulings of the court in respect to the admission or exclusion of evidence. In so far as the evidence is concerned, the case is to be regarded as if no motion for a new trial had been made by the plaintiff.

Counsel for Street's Western Stable Car Line contend that, by reason of the motion for a new trial having been overruled by plaintiff's request, the judgment cannot be questioned. The judgment may be questioned on exceptions to rulings on instructions and errors assigned in regard thereto, and a motion for a new trial in such case is unnecessary.

In Ill. Cent. R. R. Co. v. O'Keefe, 154 Ill. 508, 512, the court say: "While it is necessary that a motion for new trial should be incorporated in the bill of exceptions where it is desired to challenge the sufficiency of the evidence to support the findings, it is also necessary in such case that the whole evidence shall be therein incorporated, and it must be so stated. But where the propriety of giving or refusing instructions is sought to be presented, neither a

motion for new trial nor all the evidence in the case is required to be inserted. At common law the correctness of the charge of the judge was always subject to review where it was properly incorporated in the bill of exceptions, as here, and such is the rule declared by the decisions of this state, regardless of the fact that a motion for new trial is not in the bill of exceptions."

It is sufficient for it to appear in the bill of exceptions that the evidence tended to prove the issues, in order to raise questions as to the correctness of instructions. Ib. 513; Johnson v. Johnson, 187 Ill. 86, 92; Brown v. Schintz, 202 ib. 509. In this case it appears that all the evidence is contained in the bill of exceptions, and it will be referred to solely for the purpose of passing on instructions.

The declaration consists of three counts, and charges, generally, that the defendants permitted the intersections or crossings of their tracks, respectively, to be and remain unsafe and out of repair. Each defendant pleaded the general issue. A plat of the railroads and their crossings, in evidence, shows that the Chicago City Railway Company has a double track railway in 47th street, which street lies east and west in the city of Chicago; that a switch track of the Chicago Junction Railway Company crosses both tracks of the Chicago City Railway Co. in a northwesterly and southeasterly direction; that Street's Stable Car Line switch track lies northeasterly and southwesterly, and crosses the track of the Chicago Junction Railway Co. northwesterly from the crossing of the Chicago Junction Railway and the north track of the Chicago City Railway Co., and that the distance along the south rail of the Chicago Junction Railway, between the point where it crosses Street's eastern rail and the City Railway's north rail, is nearly fourteen feet. The evidence tends to prove that the accident, by which plaintiff's intestate lost his life, occurred about 11:15 o'clock in the night of September 29, 1900; that he was at the time in the employ of the Monon Co. as a switchman, which company used the switch track of the

Chicago Junction Co.; that, at the time of the accident, the deceased was on the front foot-board of an engine of a Monon train, which was hauling eight or ten cars south-easterly on the Chicago Junction track, and that he was rightfully there; that the last seen of him was a little east of Centre avenue, when he was on the front foot-board of the engine; that no one saw the accident, but that, after the train passed 47th street, it was observed by one of the crew of the train that a switch which the train was approaching was set in a wrong direction, when the train was stopped about 100 feet south of the crossing, and it was then discovered that plaintiff's intestate was not in his place on the foot-board, and the foot-board was broken and bent back; that the upper part of the body of the deceased was found lying about a foot south of the south rail of the Chicago Junction Company's track and a little north of the south curb line of the street; and the lower part of his body was found between the rails of the Chicago City Railway Company's south track and also between the rails of the Chicago Junction Company's track, in other words, in the space bounded by the rails of the tracks of the said two companies; that the hat of the deceased was found in the space bounded by the Chicago Junction Company's track and the rails of the Chicago City Railway Company's north track, and his lantern was found between the rails of the Chicago Junction Company's track and in the space between the north and south tracks of the Chicago City Railway Co. There is evidence tending to prove that by some agreement or arrangement between defendants in error, it was the duty of the Chicago Junction Railway Co. to keep in repair the crossing of the tracks of defendants in error. There is also evidence, proper to be submitted to a jury, which tends to prove that defendants in error were negligent as averred in the declaration.

When two railroad tracks belonging to two different owners cross, the crossing being a part of each track, it is the duty of each owner to maintain the crossing in a reasonably safe condition, and no contract or arrangement between

such owners, in regard to the maintenance of the crossing, can affect the responsibility of either to a third person injured, when rightfully on the track, by reason of the unsafe condition of the crossing. C. & A. R. R. Co. v. J. L. & A. Ry. Co., 105 Ill. 388, 397. The crossing being a part of the track of each company, it is the duty of each company to maintain it in a reasonably safe condition. 3 Eliott on Railroads, Sec. 1268, and cases cited in note 3; 2 Shearman & Redfield on Negligence, 4th ed., Sec. 406; Wis. Cen. R. R. Co. v. Ross, 142 Ill. 9.

Plaintiff asked and the court refused to give the following instructions:

"1. You are instructed, as a matter of law, that it was the duty of each one of the defendants, on September 29, 1900, to exercise reasonable care to keep the tracks, if any, operated and maintained by it at the crossings in question in a reasonably safe condition for the use of persons rightfully using the same, and that this duty of each of the defendants was independent of and in addition to the duty of each of the other defendants to exercise a like degree of care with respect to the tracks by it operated or maintained. If, therefore, you believe from the evidence and under the instructions of the court that any one of the defendants failed to exercise reasonable care on the day in question in the keeping or maintaining of the tracks operated by it in a reasonably safe condition, as charged in the declaration, and at the crossings in question, and that such failure, if any, caused or contributed proximately to the causing of the death of plaintiff's intestate, while plaintiff's intestate was in the exercise of reasonable care for his own safety and was rightfully using said tracks at the crossing in question, if you believe from the evidence the plaintiff's intestate was in the exercise of reasonable care for his own safety at the time of and immediately prior to his death, and was rightfully using said tracks, then you shall find such defendant guilty, even if you believe also from the evidence and under the instructions of the court that one or

both of the other defendants also failed to exercise reasonable care to maintain its tracks in a reasonably safe condition, as charged in the declaration."

"2. You are instructed, as a matter of law, that on the 29th day of September, 1900, it was the duty of each one of the defendants to exercise ordinary care to keep every part of the track by it operated or maintained, including that part of its track intersecting with or crossing over the track or rails of any other railroad company, in a reasonably safe condition for the use of persons rightfully using the same, and that as against the plaintiff in this case that duty could not be lessened by any agreement with any other railroad company whose track intersected the track of such defendant, nor could such duty be lessened or abridged by custom or habit."

"3. You are instructed, as a matter of law, that on the 29th day of September, 1900, it was the duty of the defendant, Chicago Junction Railroad Company, to exercise ordinary care to maintain its track in a reasonably safe condition for the use of persons rightfully using the same, including such portions of said defendant's track intersecting with or crossing over the tracks of the defendant's Street's Western Stable Car Line and with the tracks of the Chicago City Railway Company, and that such duty of the defendant Chicago Junction Railroad Company, as between it and the plaintiff in this case, could not be and was not in any way lessened or abridged by any agreement or contract with either of the defendants, Street's Western Stable Car Line, or Chicago City Railway Company, or by any habit or custom with reference to who should make repairs upon said tracks, at their points of intersection with other lines of track."

It is not contended by counsel for either of the defendants in error, that any of these instructions is erroneous or not based on evidence. The contention of counsel for each defendant is, that other instructions, substantially the same in principle, were given, and counsel for Street's Western

Stable Car Line contend, in addition, that instructions 2 and 3 are merely abstract propositions of law, and, for that reason, their refusal was not error. We do not concur in the latter contention. Instructions 2 and 3 refer to the defendants, in terms, and there is evidence tending to prove facts which are a sufficient basis for the instructions. Three defendant companies and three railroad crossings are involved in the case, and general instructions applicable to all the defendants and all the crossings, such as those in question, were, as we think, peculiarly appropriate.

The given instructions on which counsel for Street's Western Stable Car Line rely, as being the same in principle as the refused instructions, are instructions numbered 6, 44 and 45, requested by the Chicago City Ry. Co., instruction 10 given by request of the Chicago Junction Ry. Co., and instruction 32 given by request of Street's Stable Car Line. Counsel for the Chicago Junction Ry. Co. rely only on said instructions 44 and 45. We do not regard instructions 6, 10 and 32, or any of them, as embodying the principles announced in the refused instructions, or any of them.

Instructions 44 and 45, given by request of the Chicago City Ry. Co., are as follows:

"44. If the jury believe from the evidence that both the Chicago Junction Railroad Company and Street's Western Stable Car Line so negligently maintained their tracks and crossing, as charged in the declaration, that the engine upon which Gunn was riding was caused to rock or sway, and thereby to project the foot-board of said engine against some obstruction, and if the jury further believe from the evidence that the said negligence of said defendants, if they were negligent, was the sole proximate cause of the injury to Gunn, and that said Gunn at the time of the accident exercised ordinary care for his own safety, then the jury should find the defendant Street's Western Stable Car Line and the Chicago Junction Railroad Company guilty and the Chicago City Railway Company not guilty. The word

'proximate' used in this instruction means closely connected with the injury in the order of events and so connected with the injury but that for the negligence of Street's Western Stable Car Line and the Chicago Junction Railway Company, if they were negligent, the injury would not have happened."

"45.   The court instructs the jury that the law did not impose solely upon the defendant Chicago City Railway Company the duty of maintaining the crossing of the Chicago City Railway Company and the Chicago Junction Railroad Company, but the law required the Chicago Junction Railroad Company, as well as the Chicago City Railway Company, to exercise ordinary care to see that said crossing was reasonably safe; and if the jury further believe from the evidence that the Chicago City Railway Company did exercise ordinary care in repairing and maintaining the said crossing in a reasonably safe condition, and that the Chicago Junction Railroad Company did not exercise ordinary care to repair or maintain in a reasonably safe condition its tracks, then the jury must find the defendant Chicago City Railway Company not guilty, and if the jury further believe from the evidence that the proximate cause of the injury to Gunn was said failure on the part of the Chicago Junction Railroad Company to repair or maintain its track, if there was such a failure on its part, and that Gunn exercised ordinary care for his own safety, then the jury must find the defendant Chicago Junction Railroad Company guilty."

We do not think that either of these instructions, or both together, can be regarded as a substitute for the refused instructions, or any one of them.   Refused instruction 1 applies, in terms, to all the defendants, and states the duty of each of them, and does not direct the attention of the jury to any particular negligence, but embraces all omissions to exercise reasonable care to maintain the crossings in reasonably safe condition; while instruction 44 limits inquiry to negligence in respect to the crossing of the tracks of the two defendants in error, and the circumstances con-

nected therewith.  We think it clear that instruction 44 cannot be regarded as an adequate substitute for the refused instructions, or any of them.  Instruction 45 is not substantially the same in principle as the refused instructions, or any of them, and it is questionable, to say the least, whether it is not faulty and misleading.  It is as much the duty of the Chicago City Railway Co. to keep the crossing of its tracks, with those of the Chicago Junction Railway Co., in a reasonably safe condition, as it is of the latter company, and if there was a failure to keep the crossing in such condition, we cannot perceive how either company can be held faultless.  But, however this may be, the instruction is not a substitute for the refused instructions, or any of them.  Plaintiff asked only four instructions, all of which, including the three above mentioned, were refused.  We think the refusal of plaintiff's instructions 1, 2 and 3 error prejudicial to plaintiff.

Plaintiff also complains of the following instructions given by request of the Chicago Junction Ry. Co.:

"8.  The jury are instructed that if you believe from the evidence that the Chicago City Railway Company, within a short time prior to the accident in question, changed the condition of its crossing, by removing the planking and slightly raising the frogs, and that this action on the part of the Chicago City Railway Company, one of the defendants herein, in so changing its crossing, was the proximate, direct and sole cause of the accident, whereby the deceased, Robert Gunn, sustained injuries resulting in his death, then the plaintiff cannot recover against the Chicago Junction Railway Company, and your verdict as to said Chicago Junction Railway Company should be not guilty."

"10.  The court instructs the jury that if you believe from all the evidence in this case that this accident occurred solely through the failure of Street's Western Stable Car Line to use reasonable care to keep its crossing over the tracks of the Chicago Junction Railway Company in good

order and repair, or through the failure of the Chicago City Railway Company to use reasonable care in making changes in its tracks and planking over the tracks of the Chicago Junction Railway Company, and not through any fault or negligence of the Chicago Junction Railway Company, then your verdict as to said Chicago Junction Railway Company should be not guilty."

The Chicago Junction Ry. Co. and the City Ry. Co. were equally bound to keep the crossings of their railways in a reasonably safe condition; yet, under instruction 8 the jury might find the Chicago Junction Ry. Co. not guilty, even though it may have had knowledge that the Chicago City Railway Co. had changed the crossing, so as to render it unsafe, a sufficent length of time before the accident to have enabled the former company to make the crossing reasonably safe. There is evidence tending to prove that the roadmaster of the Chicago Junction Ry. Co. knew, on the day next before the day of the accident, that the Chicago City Ry. Co. was changing the crossing. We think instruction 10 is also erroneous. The Chicago Junction Ry. Co. owed the same duty to keep the crossing of the Street's Western Stable Car Line's tracks in reasonably safe condition as did the latter company, and owed the same duty in respect to the crossings of its tracks with those of the Chicago City Ry. Co. as did the latter company; yet, under instruction 10, the Chicago Junction Ry. Co., although fully aware of the negligence of the other companies, and the unsafe condition of the crossings, with ample time to remedy the same, before the accident, might be found not guilty. As between two companies whose tracks cross, and who, therefore, are equally bound to maintain the crossing in a reasonably safe condition, it would seem that neither can be exempt from liability for an unsafe condition of the crossing, in a case like the present, unless the other, or some third person, wrongfully renders the track unsafe, so short a time before the accident that the other company cannot, in the exercise of ordinary care, know of the unsafe

Brecher v. Chicago Junction Railway Co.

condition of the crossing and remedy its defects before the occurrence of the accident.

Instructions 23 and 27, given at the request of Street's Western Stable Car Line, are as follows:

"23. The court instructs the jury that even if you should believe from the evidence that Street's Western Stable Car Line was guilty of negligence with respect to the maintenance of its crossing, still the jury should not find a verdict against it, if you believe from the evidence that by the exercise of ordinary care it could not have foreseen that some injury might result from such alleged negligence."

"27. The court instructs the jury that even if you should believe from the evidence that Street's Western Stable Car Line was guilty of negligence, still, unless you also believe from a preponderance of all the evidence that such negligence, if any, was the efficient or proximate cause of the accident complained of, then you should find defendant not guilty."

Instruction 23 should not have been given. The crossing is in the track of the Street's Western Stable Car Line. It could only have been guilty of negligence in not maintaining the crossing in a reasonably safe condition; and if it was thus negligent, it was not admissible for it to speculate as to whether injury might result from its negligence. We do not think the doctrine as to reasonable anticipation applicable in case of such negligence.

The 27th instruction is also erroneous. The declaration charges negligence against all three of the defendants, and the accident may have occurred because of the joint or combined negligence of Street's Western Stable Car Line and the Chicago Junction Ry. Co., in which case the negligence of the former company would be but a part of "the efficient or proximate cause of the accident."

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*