# The Hartford Fire Insurance Company v. The Northern Trust Company, for use, etc.

## Gen. No. 12,559.

1. AD DAMNUM—*when excess of verdict over, not ground for reversal.* Where the point is not raised in the trial court, the excess of the verdict over the *ad damnum* is not ground for reversal.

2. MOTION FOR NEW TRIAL—*when failure to argue, does not waive grounds for.* If a written motion for a new trial is filed and an exception taken to its overruling, the mere fact that the motion was not argued does not waive the points relied upon so as to preclude their being urged upon appeal.

3. REINSTATEMENT—*when lack of jurisdiction of court to order, waived.* A party by making motions and by entering into stipulations after he has knowledge that the case has been improperly reinstated and by thereafter taking an active part in the trial of the case, gives the court jurisdiction of his person and waives any irregularity with respect to the reinstatement.

4. INSURANCE POLICY—*rule of strict construction construed.* The rule which prevails that policies of insurance are strictly construed does not mean that the court will make a new contract for the parties and has no application where the language of the policy is clear and free from ambiguity.

5. INSURANCE POLICY—*insuring loss of rents construed.* An insurance policy which covers loss of rents resulting from damage by fire does not include indemnity against extra expense incurred by the insured in hurrying the repairs made necessary by the fire, and where there is no actual loss of rents there is no liability under the policy.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1905. Reversed. Opinion filed June 14, 1906.

**Statement by the Court.** In July, 1899, the building of Louise DeKoven Bowen, for whose use this suit was brought, was injured by fire. By working double shifts of men seven days in the week it was restored to its former condition and the tenant put in possession within twenty-nine days thereafter. The increased expense necessarily caused by this speed, over repair by one shift per day, was about $4,000. The building was under lease at the rate of $1,395 per month, which lease had nearly two years to run at the

tim3 of the fire.   The lease contains the following pro-
vision:

"In case said premises shall be rendered untenantable by
fire or other casualty, the lessor may, at his option, termi-
nate this lease or repair said premises within thirty (30)
days, and failing to do so, or upon destruction of said
premises by fire, the term hereby created shall cease and
determine."

By making these repairs within thirty days the lease was
kept in force.   This seems to be the reason why the resto-
ration was proceeded with so rapidly.

The building was insured from loss by fire.   The rents
were also insured.   Appellant had issued to appellee a pol-
icy of insurance which contained the following language:

"It is understood and agreed that in case the above-
named building, or any part thereof, shall be rendered un-
tenantable by fire this company shall be liable to the as-
sured for the actual loss of rent ensuing therefrom, not
exceeding the sum insured, based upon *bona fide* leases in
force at the time of the fire, and be determined by the time
it would require to put the premises in tenantable condi-
tion."

The evidence showed that there was no actual loss of
rent, the tenant paying it regularly as though no fire had
occurred.   On the trial the court directed the jury to re-
turn a verdict in favor of appellee. and to assess the dam-
ages at the sum of $809.10, which was done, and judgment
was entered thereon.   This appeal followed.

BARGER & HICKS, for appellant.

GEORGE W. BROWN and LOUIS M. GREELEY, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant contends that there should be a reversal of
this judgment, because the amount of the verdict exceeds
the *ad damnum*.   This question was not raised in the trial
court.   It is not contained in the written motion for a new
trial.   It cannot be made in general terms, such as, "the
verdict is contrary to the law;" but it must be stated spe-
cifically that the amount of the verdict is greater than the

*ad damnum*, thus calling the attention of opposing counsel and of the trial judge to the defect, in order that, if deemed necessary, it may be obviated by an amendment. This point cannot be raised for the first time in an appellate tribunal. O., O. & F. R. Ry. Co. v. McMath, 91 Ill. 107, 109; Prairie State Loan Ass'n v. Gorrie, 167 Ill. 419; Wheatley, Buck & Co. v. Chicago T. & S. Bk., 167 Ill. 484; Leathe v. Thomas, 218 Ill. 251.

The bill of exceptions shows a written motion for a new trial containing ten points. The bill also states that such motion was "without argument" submitted to and overruled by the court. Appellee contends that appellant waived all errors included in its motion for a new trial by failing to argue them, or any of them; and that as such motion contains all the errors assigned in this court except that the amount of the verdict exceeds the *ad damnum*, the judgment must be affirmed. Calumet Furniture Co. v. Reinhold, 51 Ill. App. 323, is cited in support of this contention. This court there said: "When counsel neglect to argue a motion for a new trial, such motion may be considered as abandoned." We are of the opinion that, taken literally, and apart from the subject there under discussion, this is an incorrect statement of the law. Where a bill of exceptions shows, as it does in this case, that a written motion for a new trial was submitted to the trial judge, was by him overruled and an exception was then taken to such action, we think that upon appeal the propriety of refusing such motion is before this court for determination. Every point in the motion may have been fully argued during the trial. Had the court desired to hear counsel further, all he had to do was to indicate that fact. It is in the interest of justice that unnecessary repetition be avoided. In our opinion this is the correct view of the law, and is supported by the authorities; and hence this contention must be and is overruled. O., O. F. R. Ry. Co. v. McMath, 91 Ill. 104; Bromley v. The People, 150 Ill. 299.

January 7, 1902, this cause was called for trial, and neither party appearing it was dismissed without costs for want of prosecution. No one of the attorneys knew of

this fact for some months thereafter. April 4, 1902, by consent of the parties the cause was placed on the trial call. April 7, 1902, on motion of appellant, the cause was passed to be taken up on five days' notice. Twice thereafter, by consent, the case was placed on the trial call. In November, 1902, the fact that the case had been dismissed the previous January came to the knowledge of counsel. November 10, 1902, on motion of appellee, and over the objection of appellant, the court reinstated the cause and put it at the foot of calendar No. 5. December 13, 1902, a motion was made by appellant to set aside the order reinstating the cause, which motion was denied. Appellant excepted and presented its bill of exceptions, which was duly signed and sealed by the court. February 6, 1905, by stipulation of the parties the cause was passed and set for trial February 14, 1905. February 11, 1905, by a like stipulation the case was passed to be taken upon five days' notice. May 13, 1905, appellant asked leave to file an additional plea, which motion was overruled. May 17, 1905, the cause came on for trial. Appellant participated therein from start to finish.

The court, being a court of general jurisdiction, had jurisdiction of the subject-matter of this suit. Appellant, by making motions, and by entering into stipulations in this case after it had knowledge that the cause had been improperly reinstated, and by thereafter taking an active part in the trial, gave the court jurisdiction of its person. Therefore the contention of appellant that the trial court had no authority in November, 1902, to vacate the judgment dismissing the cause at the preceding January term, must be overruled. To hold otherwise would be to give appellant the chance of obtaining a favorable verdict without incurring the risk of an adverse judgment. The law will not thus favor either party to the litigation. Grand Pacific H. Co. v. Pinkerton, 217 Ill. 61, and cases cited.

Upon the main issue in this case appellant contends that the contract sued upon is a rent policy in which it agreed, in case the building was rendered untenantable by fire, to

indemnify appellee against actual loss of rents ensuing therefrom under and according to the terms of *bona fide* leases then on such building; and as there was no actual loss of rent, there is no liability upon its part.

It is urged by appellee that under the terms of the policy the loss was to be computed from the date of the fire, and "to be determined by the time it would require to put the premises in tenantable condition; that this means the loss was to be estimated as of the date of the fire by the time it would take, with the use of ordinary diligence, to repair the building, at a rate of rental fixed by leases in force at the time of the fire; and that the words "actual loss of rent" should be construed as meaning "actual loss of rental value."

To sustain this contention appellee invokes the rule that policies of insurance are construed against the insurer and in favor of the insured. This is undoubtedly the rule where the terms of the policy are ambiguous or uncertain. But where the words of a policy are plain and certain there is no room for construction. Courts do not make contracts for parties, but interpret them as made. Where there is a plain meaning shown by the language of the contract under consideration, the court will adopt that meaning and will not seek out a forced or unnatural construction. Putting ourselves in the position of the parties at the time this contract was entered into, we find that appellee as owner of the building had two valuable rights which she was desirous of protecting from loss by fire. The first is the building itself. To fend against loss upon the building she insured it against fire. The second is the rent of the premises. The destruction of the building or a serious injury thereto might cause this rent to cease. To protect herself against such a contingency she entered into the contract here in issue. A fire followed which injured the building and temporarily dispossessed the tenant; but by extraordinary diligence the building was repaired so speedily that there was no actual loss of rent. The contingency insured against never happened. Hence at the

time this suit was brought appellee had no cause of action upon the contract set forth in the declaration.

The judgment of the Superior Court is reversed.

*Reversed.*