## James H. Eckels et al., Receivers, v. Hakon Hawkinson.

### Gen. No. 13,644.

1. APPEALS AND ERRORS—*when motion for new trial essential to review.* A motion for a new trial, with an exception to the overruling thereof, is essential to preserve for review the question as to whether the verdict is against the weight of the evidence.

2. APPEALS AND ERRORS—*when motion for new trial not essential to review.* The propriety of the court's rulings upon instructions is preserved for review notwithstanding no motion for a new trial has been interposed and no exception preserved to its overruling.

3. APPEALS AND ERRORS—*effect of refusal to argue motion for new trial.* A refusal to argue a motion for a new trial when asked to do so by the court, operates as a waiver thereof and has the same effect as a failure to interpose a motion for a new trial.

4. INSTRUCTIONS—*proper method of determining facts in issue.* An instruction is proper which tells the jury that they are to find the facts from the evidence and apply to them, so found, the law stated by the court.

5. INSTRUCTION—*when modification not improper.* An instruction as follows was asked:

"If you believe from the evidence under the instructions of the court, that the sole cause of the injury to the plaintiff was the fact, if it be a fact, that the horse plaintiff was driving caught his shoe in the slot or opening in said street car track, if he did so, then the plaintiff cannot recover in this case, and you, should find the defendants not guilty."

But was modified by the court by inserting after the phrase "under the instructions of the court" and before the phrase "that the

sole cause of the injury," the following clause: "that there was no negligence on the part of the defendants, but." *Held*, not error.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed March 9, 1908.

**Statement by the Court.** This is an appeal from a judgment of the Superior Court for $1,000 in favor of the appellee, who was plaintiff below, against the appellants, who were defendants below. The appellants as receivers, etc., were joined as defendants in the suit with the Chicago Union Traction Company and the Chicago West Division Railway Company, but after the plaintiff's evidence was heard, the court instructed the jury to find the corporations not guilty, which was accordingly done. The suit was in tort, and the declaration alleged that the defendants "so carelessly, negligently and improperly drove, governed, managed and directed" an electric or motor car, that it was brought into collision with a wagon which the plaintiff was driving at about the intersection of West Ohio street with Milwaukee avenue in Chicago, by means of which the plaintiff was thrown to the ground and injured. The plea of the defendants was the general issue. The cause was tried before a jury. After the plaintiff's evidence was heard the jury, as before stated, under the instructions of the court rendered a verdict of not guilty against the corporations. After the close of all the evidence they returned a verdict of guilty as to the receivers, and assessed the plaintiff's damages at $1,000.

A written motion for a new trial was made by the defendant receivers, specifying twenty-four alleged reasons therefor. Among them it was urged that the verdict was against the law and the evidence; that the court erred in its rulings on the admission of evidence by admitting improper evidence offered by the plaintiff and excluding proper evidence offered by the defendants; that the court erred in refusing a

Eckels v. Hawkinson.

peremptory instruction for the defendants; that it erred in giving each of the instructions given at the request of the plaintiff, and in refusing each of the instructions offered by the defendants, which was refused; and in modifying instructions asked by the defendants and giving them as modified; that the verdict was excessive in amount, and that counsel for the plaintiff made improper remarks to the jury.

The bill of exceptions certifies: "Said motion for a new trial was duly and regularly set down for hearing and regularly called for argument and hearing, whereupon defendants, by their counsel, declined to argue said motion or to point out to the court any specific error complained of in said motion, after full opportunity so to do was given by the court, and thereupon and thereafter the court denied said motion for a new trial; to which ruling of the court the defendants, by their counsel, then and there duly excepted."

A motion in arrest of judgment was also made by the defendants and denied by the court. Judgment for $1,000 was then entered, to be paid in due course of administration by the receivers. From that judgment this appeal has been prosecuted.

The assignments of error allege that the verdict was against the law and the evidence; that the damages were excessive; that the trial judge erred in his rulings on evidence and in giving, refusing and modifying instructions; that the case should have been taken from the jury by a peremptory instruction; that the damages are excessive and the result of sympathy aroused by improper remarks in the argument of plaintiff's counsel to the jury; and that the court erred in overruling the motion of the defendants for a new trial and the motion in arrest of judgment.

JOHN A. ROSE and ALBERT M. CROSS, for appellants; W. W. GURLEY, of counsel.

MORSE IVES and WALTER A. BRENDECKE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Appellants' argument in this court is largely based on the proposition that the verdict below was against the weight of conflicting evidence. This can only be considered by us as the question is raised by the denial by the court below of the motion for a new trial. Ill. Central R. R. Co. v. O'Keefe, 154 Ill. 508-512; Brecher v. Chicago Junction Railway Co., 119 Ill. App. 554-556. But in the bill of exceptions in this cause the trial judge certifies, as we construe his language, that being invited and called on by him to argue the motion for a new trial, which purported in part to be based on this same reason, the defendants refused to do so, and refused to point out to him, any more particularly than did the formal written motion before him, what they relied on to show the verdict erroneous, or the rulings of the court on the admission of evidence, mistaken.

The appellee insists that this is a sufficient answer to all of the appellants' objections to the judgment, and we think he is right, so far as rulings on the evidence or its weight and sufficiency are concerned. The instructions given and refused may be reviewed, as is pointed out in the cases cited *supra* without a motion for a new trial, but without it we could not review the evidence, consider its weight, or the rulings of the court on its admission or exclusion.

If the motion for a new trial is waived below, or overruled at the request of or with the assent of the mover, the same result follows. The case is then to be regarded as, if no motion for a new trial had been made. Brecher v. Chicago Junction Railway Co., *supra,* and cases therein cited.

The question therefore is in this case, did the action of the appellants in the court below, when the motion for a new trial was called for argument, amount to a waiver of it.

The practice of passing on a motion for a new trial

Eckels v. Hawkinson.

merely *pro forma* was severely animadverted on in Penn v. Oglesby, 89 Ill. 110, by Judge Walker, speaking for the Supreme Court. In the case of Brewer v. The National Union Building Association in this court, 64 Ill. App. 163, it appeared by the bill of exceptions that in the court below the ''motion for a new trial came on to be heard in its regular order, both parties being represented by counsel. Said affidavits and said grounds of said motion for a new trial, however, were not nor was either or any of them read or called to the attention of the court, and said court denied the motion and entered judgment on said verdict,'' etc. The court held, speaking through Judge Gary, that ''the court was right in refusing a new trial for which the appellant offered no reason.'' (It appears by the report of the case that there were many reasons formally assigned in the written motion.) In alluding to Penn v. Oglesby, *supra,* Judge Gary said: ''There, the *pro forma* part was the act of the court, and the party had the right to complain; here, it is the act of the party, and he has no right to complain.''

In a number of other cases in this court the position is taken that the mere fact that the motion for a new trial is not argued in the court below is an abandonment and waiver of it which should excuse this court from examination of its grounds. This view was fully expressed in Calumet Furniture Co. v. Reinhold, 51 Ill. App. 323-325, and more concisely in Fireman's Insurance Co. v. Horton, 68 Ill. App. 497. Later however, a less rigorous rule has been applied.

Thus, in Hartford Fire Insurance Co. v. The Northern Trust Co., 127 Ill. App. 355, the doctrine of Calumet Furniture Co. v. Reinhold, *supra,* is by this court expressly repudiated, if it is to be understood as tantamount to a general rule that every motion for a new trial which is not argued is to be considered abandoned. Similar dissent from this extreme view has been expressed by the learned justices of the Ap-

pellate Court in the Second and Fourth Districts, respectively, in Modern Woodmen of America v. Graber, 128 Ill. App. 585, and in Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Sparks, 122 Ill. App. 400. And we consider the opinion in Landt v. McCullough, 206 Ill. 214, as expressing the views of the Supreme Court to the same purport. But in all these cases the principle is recognized that the motion for a new trial may be so waived by abandonment in the court below as properly to foreclose the Appellate Court from examining the propositions on which it is based, but reasons are given why in the particular case the waiver cannot be presumed. Thus, Judge Magruder in Landt v. McCullough, points out that the court instructed the jury to return a verdict for the plaintiff, and on the defendant's moving for a new trial, refused to allow the motion to take its usual course, or even to give the defendant the time to reduce the reasons for his motion to writing before the disposition of it, but announced that he would pass on it at once.

Mr. Justice Myers in C., C., C. & St. L. Ry. Co. v. Sparks, 122 Ill. App. 400, says: "It appears from the abstract that appellant filed a written motion for a new trial in which was set out in detail the reasons urged in support of the motion. The court asked what the motion contained. Appellant answered that it contained the usual grounds, that the verdict was contrary to the law and the evidence, that the jury disregarded the instructions of the court, and suggested that the court was familiar with the law and the evidence. It further appears that the motion was read by the court, taken under advisement, and afterwards overruled. This we regard as a sufficient presentation, and it must be assumed from what was done *that if argument were necessary the court or opposing counsel would have required it.*"

In Modern Woodmen of America v. Graber, Mr. Justice Dibell says: "The record shows that the mo-

tion for a new trial was made and denied the same day that the verdict was returned. It is fair to assume that appellant's attorney considered it useless to argue its contention further in that court. *He was not asked to make an argument or to state the grounds of his motion.*"

In Hartford Fire Insurance Co. v. Northern Trust Co., 127 Ill. App. 355, Mr. Justice Ball says: "Every point in the motion may have been fully argued during the trial. *Had the court desired to hear counsel further, all he had to do was to indicate the fact.*"

In the case at bar, as we read the record, the court allowed ample time for preparation of the motion for a new trial, and when it was reached in regular course, did, as far as he could, "require" argument—certainly "asked" it and "indicated" that he desired to hear it.

Under these circumstances the appellants "declined to argue said motion or to point out to the court any specific error complained of in said motion." The object of a motion for a new trial was lost sight of in this course. I. C. R. R. Co. v. Johnson, 191 Ill. 597.

We think that under these circumstances the motion must be considered abandoned. Consequently we do not consider that it is open for appellants to argue here that it was improperly denied, and still less that it is incumbent on us to analyze the evidence in this opinion to justify the conclusion at which we have arrived, that the questions on the evidence so strenuously argued by the appellants were all for the jury, and that even if we had been at liberty and obliged to pass on them, we could not have disturbed its verdict. For notwithstanding our conclusion as to our duty in relation to it, we did give it careful consideration in connection with the instructions on which we were called upon to pass.

The first instruction given at the request of the plaintiff is complained of because it tells the jury that they are to find the facts from the evidence and apply

to them, so found, the law stated by the court. We deem this unobjectionable and a very good statement of the law. The suggestion made by appellants that it would cause the jury to ignore several instructions given at the request of the defendants, which should govern them in passing on the facts, is hypercritical. The instruction is in no sense misleading.

Nor do we find any reversible error in the modification of the eighth instruction, given at the request of the defendants. The instruction as asked was:

"If you believe from the evidence, under the instructions of the court, that the sole cause of the injury to the plaintiff was the fact, if it be a fact, that the horse plaintiff was driving caught his shoe in the slot or opening in said street car track, if he did so, then the plaintiff cannot recover in this case, and you should find the defendants not guilty."

We do not think the instruction should have been given in this form. The defendants say truly that no negligence on the part of the defendants resulting in a condition of the track which allowed the catching of the horse's shoe in the slot, is charged in the declaration. Consequently, they say, if the *"sole"* cause of the occurrence was the catching of the shoe, it is plain no negligence of the defendants charged in the declaration could have contributed to it. "The use of the word 'sole' in the instruction, as asked, necessarily excluded any hypothesis of defendants' negligence," they say.

But even if, on a strict analysis and with careful attention to the meaning of words, this was the true effect of the instruction, it would have been misleading. The meaning very likely to have been placed on it by a jury would have been: "If the plaintiff's injury would not have happened if the horse's foot had not caught in the slot, then the defendants must be found not guilty." Such a view of the instruction would of course have been very injurious to the plaintiff, for the gist of his complaint was that the de-

fendants' agents negligently ran the car, when they knew or had the duty of knowing his horse's position.

We think, in view of other instructions given at the instance of the defendants, which carefully laid down, as applied to the facts of this case, the only conditions under which the plaintiff was entitled to recover, such as the 13th, 16th, 17th, 18th, 19th, 21st, 22d and 23d, and of the 14th and 15th so given, which were, respectively:

"If you believe from the evidence, under the instructions of the court, that the injury to the plaintiff was the result of a mere accident which occurred *without the negligence on the part of the defendants or either of them charged in the declaration,* you should return a verdict of not guilty"; and

"You are instructed that you cannot find the defendants guilty in this case, because of the condition of said street car track or the slot in said track at the time and place in question," this eighth instruction might properly have been refused altogether.

The court, however, modified and gave it. The modification consisted in placing in it the words which are italicized below. As given it read:

"If you believe from the evidence, under the instructions of the court, *that there was no negligence on the part of the defendants, but* that the sole cause of the injury to the plaintiff was the fact, if it be a fact, that the horse plaintiff was driving caught his shoe in the slot or opening in said street car track, if he did so, then the plaintiff cannot recover in this cause, and you should find the defendants not guilty."

Certainly, as modified, the instruction did not state an incorrect or inaccurate proposition of law, if the original draft was accurate. Under the conditions named in the instruction as modified, defendants certainly would not say that the jury should *not* find the defendants "not guilty."

Even standing by itself, if it were the only instruction given, it would not have been inaccurate, and we do not think it would have been as likely to mislead

636    APPELLATE COURTS OF ILLINOIS.

Vol. 138.]    Chicago Cons. Traction Co. v. Kinane.

the jury as the original draft would have been. Taken in connection with the other instructions which we have referred to, and those which we have quoted, however, it could not have misled the jury, but must have been understood as stating the same rule as though the words "of the nature charged in the declaration" had been inserted after the word "negligence."

The judgment of the Superior Court is affirmed.

*Affirmed.*